WHITE & CASE LLP
Yar R. Chaikovsky (175421)
yar.chaikovsky@whitecase.com
Philip Ou (259896)
philip.ou@whitecase.com
David T. Okano (278485)
david.okano@whitecase.com
Heather Burke (284100)
heather.burke@whitecase.com
Radhesh Devendran (318517)
radhesh.devendran.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile:  (650) 213-8158

Additional Counsel listed on Signature page

*Attorneys for Defendants TikTok Inc., TikTok
Pte. Ltd., ByteDance Ltd. and ByteDance Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., and BYTEDANCE INC., <br><br> Defendants. | Case No.  3:23-cv-06012-SI <br><br> **DEFENDANTS' NOTICE OF MOTION AND RENEWED MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)** <br><br> Date: <br> Time: <br> Courtroom: <br> Judge: Hon. Susan Illston |

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ................................................................................................... 1

II. RELEVANT FACTUAL BACKGROUND ............................................................. 1

III. LEGAL STANDARD ............................................................................................. 3

IV. ARGUMENT ......................................................................................................... 4

    A. Meishe's Copyright Infringement Claim (Count I) Should Be Dismissed .............. 4

        1. Meishe's Unregistered Copyright Infringement Allegations Are Vague ............................................................................................ 4

        2. Meishe Has Not Properly Pled Access to Seven Later Registered Works ............................................................................................. 5

        3. Meishe Has Not Properly Pled a Violation of 17 U.S.C. § 1202 ................ 7

        4. Meishe's Indirect Copyright Infringement Allegations Are Deficient ........................................................................................... 7

        5. Meishe's Complaint Fails to Plead Its Asserted Chinese Copyrights Are Exempt from the Registration Requirement ......................................... 8

        6. Meishe's Substantial Similarity Allegations Do Not Provide Fair Notice ................................................................................................ 9

    B. Meishe's Lanham Act Claim (Count V) Should Be Dismissed ............................. 10

    C. Meishe's Trade Secret Claims (Counts II, III) Should Be Dismissed ................... 12

        1. Meishe Fails to Provide Sufficient Notice of Its Alleged Trade Secrets .............................................................................................. 12

        2. Meishe's Allegations of Foreign Acts Are Not Actionable Under DTSA ............................................................................................... 14

    D. Meishe's Repeated Failure to Cure Deficiencies Warrants Dismissal Without Leave to Amend ................................................................................... 15

V. CONCLUSION ..................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*AFL Telecomm. LLC v. SurplusEQ.com Inc.*,
  946 F. Supp. 2d 928 (D. Ariz. 2013)..................................................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..........................................................................................................3

*Becton Dickinson and Co. v. Cytek Bioscis. Inc.*,
  No. 18-cv-933-MMC, 2020 WL 1877707 (N.D. Cal. Apr. 15, 2020).................................5

*Blizzard Entm't, Inc. v. Lilith Games (Shanghai) Co.*,
  149 F. Supp. 3d 1167 (N.D. Cal. 2015)..............................................................................9

*Cabell v. Zorro Prods. Inc.*,
  No. 15-cv-771-EJD, 2018 WL 2183236 (N.D. Cal. May 11, 2018)...................................6

*Casa Dimitri Corp. v. Invicta Watch Co. of Am., Inc.*,
  270 F. Supp. 3d 1340 (S.D. Fla. 2017)...............................................................................9

*City of L.A., Harbor Div. v. Santa Monica Baykeeper*,
  254 F.3d 882 (9th Cir. 2001).............................................................................................13

*Coffelt v. Autodesk, Inc.*,
  No. 17-cv-1684-FMO, 2018 WL 4998272 (C.D. Cal. Sept. 30, 2018) .............................15

*Creative Writer Software, LLC v. Schechter*,
  No. 23-cv-2471-MWF, 2023 WL 6786796 (C.D. Cal. Sept. 5, 2023) ...............................13

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010)...............................................................................................4

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
  539 U.S. 23 (2003)............................................................................................................11

*DigitAlb, Sh.a v. Setplex LLC*,
  284 F. Supp. 3d 547 (S.D.N.Y. 2018).................................................................................8

*El-Sedfy v. WhatsApp Inc.*,
  No. 16-cv-4056-JCS, 2016 WL 6427855 (N.D. Cal. Oct. 31, 2016)................................10

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2009)...........................................................................................15

*Epikhin v. Game Insight North Am.*,
No. 14-cv-4383-LHK, 2015 WL 2412357 (N.D. Cal. May 20, 2015) ......................................7

*Feist Publ'ns, Inc. v. Rural Tel. Ser. Co.*,
499 U.S. 340 (1991) ..................................................................................................................10

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
139 S. Ct. 881 (2019) ..................................................................................................................8

*Free Speech Sys., LLC v. Menzel*,
390 F. Supp. 3d 1162 (N.D. Cal. 2019) ......................................................................................7

*Goldwater Bank, N.A. v. Elizarov*,
No. 21-cv-616-JWH, 2022 WL 18231680 (C.D. Cal. Dec. 12, 2022) ......................................6

*Harrington v. Pinterest, Inc.*,
No. 20-cv-5290-EJD, 2021 WL 4033031 (N.D. Cal. Sept. 3, 2021).........................................8

*Imax Corp. v. Cinema Techs., Inc.*,
152 F.3d 1161 (9th Cir. 1998)...................................................................................................12

*Jackson v. Netflix, Inc.*,
506 F. Supp. 3d 1007 (C.D. Cal. 2020) ......................................................................................4

*Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*,
No. 16-cv-1318-GBD-BCM, 2017 WL 696126 (S.D.N.Y. Feb. 15, 2017), *rep't and rec.
adopted sub nom*, 2017 WL 2988249 (S.D.N.Y. Mar. 27, 2017)...............................................9

*Kernel Records Oy v. Mosley*,
694 F.3d 1294 (11th Cir. 2012)...................................................................................................8

*Kinect Renewable Sols., LLC v. Des-Verney*,
No. 22-cv-423-JGB, 2022 WL 21768580 (C.D. Cal. Mar. 15, 2022) ....................................12

*Lipton v. Nature Co.*,
71 F.3d 464 (2d Cir. 1995).........................................................................................................11

*Luvdarts, LLC v. AT&T Mobility, LLC*,
710 F.3d 1068 (9th Cir. 2013)....................................................................................................8

*Media.net Adver. FZ-LLC v. Netseer, Inc.*,
198 F. Supp. 3d 1083 (N.D. Cal. 2016) ....................................................................................11

*MultiCraft Imports, Inc. v. Mariposa USA, Inc.*,
No. 16-cv-3975-DMG-AJWx, 2017 WL 5664996 (C.D. Cal. Sept. 14, 2017) .........................4

*PhantomALERT, Inc. v. Google Inc.*,
No. 15-cv-03986-JCS, 2015 WL 8648669 (N.D. Cal. Dec. 14, 2015) ......................................5

*Phillips v. Murdock*,
543 F. Supp. 2d 1219 (D. Haw. 2008) ........................................................................................9

*Philpot v. Alternet Media, Inc.*,
   No. 18-cv-4479-TSH, 2018 WL 6267876 (N.D. Cal. Nov. 30, 2018) ......................................7

*ProV Int'l Inc. v. Lucca*,
   No. 19-cv-978, 2019 WL 5578880 (M.D. Fla. Oct. 29, 2019) ..................................................14

*Richtek Tech. Corp. v. UPI Semiconductor Corp.*,
   No. 09-cv-5659-WHA, 2011 WL 166198 (N.D. Cal. Jan. 18, 2011) .......................................10

*Ricketts v. CBS Corps.*,
   439 F. Supp. 3d 1199 (C.D. Cal. 2020) ..................................................................................11

*Schneider v. Cal. Dep't of Corr.*,
   151 F.3d 1194 (9th Cir. 1998)............................................................................................3, 13

*Siegel v. Warner Bros. Ent'mt Inc.*,
   542 F. Supp. 2d 1098 (C.D. Cal. 2008) ...................................................................................7

*SimplexGrinnell, LP v. Integrated Sys. & Power, Inc.*,
   642 F. Supp. 2d 206 (S.D.N.Y. 2009).......................................................................................7

*Synopsys, Inc. v. Atoptech, Inc.*,
   No. 13-cv-2965-SC, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) .........................4, 9, 10, 13

*Synopsys, Inc. v. Innogrit, Corp.*,
   No. 19-cv-2082-LHK, 2019 WL 4848387 (N.D. Cal. Oct. 1, 2019).........................................3

*Teradata Corp. v. SAP SE, et al.*,
   No. 18-cv-03670-WHO, 2018 WL 6528009 (N.D. Cal. Dec. 12, 2018)............................12, 13

*United States v. Smith*,
   389 F.3d 944 (9th Cir. 2004)...................................................................................................13

*YellowCake, Inc. v. DashGo, Inc.*,
   No. 21-cv-803-AWI-BAM, 2022 WL 172934 (E.D. Cal. Jan. 19, 2022) ..................................5

**FEDERAL STATUTES**

17 U.S.C. § 106.............................................................................................................................5

17 U.S.C. § 411(a) ......................................................................................................................8, 9

17 U.S.C. § 1202...........................................................................................................................7

18 U.S.C. § 1837..........................................................................................................................14

**FEDERAL RULES**

Rule 44.1 ......................................................................................................................................12

iv

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on Friday, April 5, 2024 at 10:00 AM, or as soon after as the matter may be heard, in Courtroom 1, 17th Floor, of the U.S. District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Defendants TikTok Inc., TikTok Pte. Ltd., ByteDance Ltd., and ByteDance Inc. (collectively "Defendants") will bring this motion before the Hon. Susan Illston.  Under Local Rule 7-1(a), Defendants move the Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules") for an Order dismissing with prejudice all four claims in Plaintiff Beijing Meishe Network Tech. Co., Ltd.'s ("Meishe") Third Amended Complaint ("TAC," Dkt. 235) for failure to state a claim upon which relief can be granted.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings, and papers already on file in this action, any other such matters of which the Court may take judicial notice, and any other matter that the Court may properly consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    <u>INTRODUCTION</u>

This case involves claims that a former Meishe employee improperly provided Defendants with Meishe software when that employee began work for a company affiliated with Defendants several years after leaving Meishe.  Meishe asserts claims of copyright infringement, trade secret misappropriation, and Lanham Act violations based on this alleged misconduct.  However, despite the opportunity to amend its complaint after extensive discovery, Meishe's allegations still fail to meet basic pleading standards and fail to provide fair notice of its claims.  Meishe has now had three chances—buttressed by discovery and code review—to articulate a set of claims that a court can advance to trial.  As a result of Meishe's inability to fix the deficiencies in its complaint despite repeated allowances it was afforded, Meishe's asserted claims should be dismissed with prejudice.[1]

## II.    <u>RELEVANT FACTUAL BACKGROUND</u>

Meishe is a company "formed under the laws of the People's Republic of China." (TAC

---

[1] Meishe's TAC alleges seven claims for relief.  On Feb. 26, 2024, the Court granted the parties' joint stipulation dismissing three asserted state law tort claims based on the same allegations underlying Meishe's trade secret misappropriation claims (Counts IV, VI and VII) (Dkt. 405).

¶ 10.) Consistent with its name, its principal place of business is in Beijing, China. (*Id.*)  According to Meishe, it is a "service provider" in the video and audio field.  (*Id.* ¶ 3.)  Its customers are in "industries such as mobile APP, smart phones, smart hardware, radio and television, and communication operators," and include "OPPO, Xiaomi, Bilibili, State Grid, People's Video, [and] Huya."  (*Id.*)

The crux of Meishe's claims is the allegation that "Defendants [had] access to Meishe's source code" by virtue of a former employee, Jing Xie.  (*Id.* ¶ 58.)  Meishe alleges Mr. Xie began employment at Meishe affiliate Xin Ao-Te in China in 2007, and then moved to Meishe in 2015.  (*Id.* ¶ 60.)  Meishe alleges Mr. Xie was involved in developing its software and upgrades to "various versions" of the software until his resignation around June 8, 2015.  (*Id.* ¶¶ 60, 62.)

Meishe alleges that around June 3, 2015, Mr. Xie "accessed" and "illegally" took Meishe's "trade secret and copyrighted computer code when he left the company," in violation of his employment contract.  (*Id.* ¶¶ 63, 94, 97.)  Meishe concedes that Mr. Xie did not begin employment at Beijing ByteDance Technology Co. Ltd. ("Beijing ByteDance") in China until October 2017— more than two years after his departure from Meishe.  (*Id.* ¶¶ 65, 98–99.)

Meishe's copyright claim (Count I) involves three distinct categories of software.  First, Meishe obtained Chinese Copyright Registration No. 2015SR227927 from the Copyright Protection Centre of China ("CPCC") for software developed on September 26, 2014.  (*Id.* ¶¶ 53–54.)  Second, Meishe alleges that it obtained seven other Chinese copyright registrations from the CPCC for software developed between 2017 and 2019, years after Mr. Xie left Meishe: Nos. 2018SR037747,    2018SR037751,    2018SR038324,    2018SR218096,    2018SR218287, 2019SR0899912 and 2020SR0291426 (*Id.* ¶¶ 53, 54, 71.)[2]  Third, Meishe alleges that it is entitled to copyright protection for additional unspecified "copyrighted source code and software regardless of registration."  (*Id.* ¶¶ 67, 72–73.)  All three categories of Meishe's copyright allegations suffer

---

[2]  Meishe's TAC lists seventeen copyright registrations in addition to 2015SR227927 that Defendants allegedly copied.  *See* TAC ¶¶ 54, 71.  In a September 29, 2023 letter to Defendants, Meishe withdrew the following ten (10) registered copyrights from the case that are still asserted in the TAC: 2019SR0899799,    2019SR0899814,    2019SR0901166,    2019SR0901175, 2019SR0901188,    2019SR0901198,    2019SR0901209,    2020SR0572704,    2020SR0572713, 2020SR0575533.  Thus, in addition to 2015SR227927, only seven additional Chinese registered copyright works remain in the case.

deficiencies that make dismissal appropriate.

Meishe has also advanced two counts of trade secret misappropriation, one under federal law and one under Texas state law, for portions of its software code that are ***not*** alleged in its copyright claims (Counts II and III).  However, Meishe's ***only*** attempt to identify its purported trade secrets in its pleadings is contained in a single paragraph:

> Plaintiff is the owner of trade secrets that include, but are not limited to proprietary, independently-developed software code that allows for video and audio editing, video and audio processing, video and audio release personalize audio and video recommendations, webcasting and other confidential business information.

TAC, ¶¶ 87 (DTSA); 119 (identical for Texas UTSA).

Meishe's other claim (Count V) is a Lanham Act claim based on a purported false claim of ownership of TikTok's software.

Meishe did not bring suit in the United States until May 18, 2021, six years after the alleged infringement and Mr. Xie's departure from Meishe, and three and one-half years after Mr. Xie joined Beijing ByteDance.

## III.    <u>LEGAL STANDARD</u>

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible where the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The Court need not accept legal conclusions couched as factual allegations.  *Id*.  A pleading relying on "labels and conclusions" is insufficient, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

When ruling on a Rule 12(b)(6) motion to dismiss, a court may generally only consider factual allegations contained within the "four corners" of the complaint. *Synopsys, Inc. v. Innogrit, Corp.*, No. 19-cv-2082-LHK, 2019 WL 4848387, *4 (N.D. Cal. Oct. 1, 2019); *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such

as a memorandum in opposition to a defendant's motion to dismiss.").  However, a court may consider extrinsic documentary evidence in the context of a Rule 12(b)(6) motion if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## IV.   ARGUMENT

### A.   Meishe's Copyright Infringement Claim (Count I) Should Be Dismissed

Meishe asserts three distinct sets of copyrighted material:  (1) Chinese Copyright Registration No. 2015SR227927; (2) seven other registered Chinese works; and (3) an undefined amount of "copyrighted code and software regardless of registration."  (TAC ¶¶ 72–73.)  Meishe provides no further substantive allegations describing its asserted copyrighted works.  This Court should dismiss Meishe's copyright infringement count, in whole or in part, for *six* independent reasons.

### 1.   Meishe's Unregistered Copyright Infringement Allegations Are Vague

The Court should dismiss Meishe's copyright infringement claim for "copyrighted code and software regardless of registration"—*i.e.* the **un**registered Chinese software code—for the simple reason that Meishe's allegations are conclusory and vague and provide no notice to Defendants on what Meishe has allegedly infringed.  *See Synopsys, Inc. v. Atoptech, Inc.*, No. 13-cv-2965-SC, 2013 WL 5770542, *4 (N.D. Cal. Oct. 24, 2013) (dismissing plaintiff's copyright infringement claim because plaintiff failed to make clear what defendant copied, making "it impossible for the [c]ourt to find [p]laintiff's claim plausible"); *MultiCraft Imports, Inc. v. Mariposa USA, Inc.*, No. 16-cv-3975-DMG-AJWx, 2017 WL 5664996, *3 (C.D. Cal. Sept. 14, 2017) (complaint failed to allege enough facts to show copying where it was not clear what works were at issue); *Jackson v. Netflix, Inc.*, 506 F. Supp. 3d 1007, 1017 (C.D. Cal. 2020) (plaintiffs' allegations that lacked "cogent details concerning what works their registrations cover, or [] which parts of the copyrights [defendant] infringed" were legal conclusions insufficient under *Twombly*).

Meishe's TAC only states two legal conclusions with regard to its "unregistered" code: first, that Meishe owns "copyrights in its source code and software, which have been fixed in tangible

- 4 -

mediums before the filing date of this lawsuit regardless of registration;" and second, that Defendants infringed this "source code and software."  (TAC ¶¶ 67, 73.)  The TAC provides no other guidance on what constitutes the works at issue.  Nor does Meishe delineate *any* boundaries to define the "source code and software" underlying its copyright claim that would put anyone— let alone Defendants—on notice of what they have allegedly infringed.  This lack of specificity is fatal to Meishe's claims: such "formulaic recitation of the elements of a [copyright] cause of action" are insufficient to plausibly state a claim for relief.  *Becton Dickinson and Co. v. Cytek Bioscis. Inc.*, No. 18-cv-933-MMC, 2020 WL 1877707, *6 (N.D. Cal. Apr. 15, 2020); *YellowCake, Inc. v. DashGo, Inc.*, No. 21-cv-803-AWI-BAM, 2022 WL 172934, *7 (E.D. Cal. Jan. 19, 2022) ("Without further factual descriptions that give some examples and explain the acts of infringement, the allegations merely track the language of [17 U.S.C. § 106] and are thus, conclusory").  Meishe's copyright claim tied to vague "copyrighted code and software regardless of registration"— ***un***registered copyrights—should thus be dismissed.

### 2.    Meishe Has Not Properly Pled Access to Seven Later Registered Works

Meishe's second deficiency relates to both the unregistered copyrighted code (*see* section IV.A.1) and the following registered works:  Chinese Copyright Registration Nos. 2018SR037747, 2018SR037751,  2018SR038324,  2018SR218096,  2018SR218287,  2019SR0899912  and 2020SR0291426 ("seven later registered works").  Meishe's allegation of copyright infringement over these works should be dismissed because Meishe has failed to assert—and factually cannot assert—Defendants' "access" to the works, a necessary element of infringement.

Pleading facts to demonstrate access to an allegedly infringed work is crucial to a copyright claim where the complaint includes no direct evidence of copying.  "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *PhantomALERT, Inc. v. Google Inc.*, No. 15-cv-03986-JCS, 2015 WL 8648669, *7 (N.D. Cal. Dec. 14, 2015) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Ser. Co.*, 499 U.S. 340, 345 (1991)).  Where there is no direct evidence of copying—as here—a plaintiff must plead facts showing "the defendant had 'access' to the plaintiff's work and that the two works are substantially similar."  *Id*. at *13 (quoting *Benay v. Warner Bros. Entm't*, 607 F.3d

620, 624 (9th Cir. 2010)). The necessary "access" requires sufficient factual allegations that the defendant had an "opportunity to view or to copy" the plaintiff's work. *Cabell v. Zorro Prods. Inc.*, No. 15-cv-771-EJD, 2018 WL 2183236, *7 (N.D. Cal. May 11, 2018). A "reasonable opportunity" to view or copy the work requires more than a bare conclusion. "[R]easonable opportunity . . . does not encompass ***any bare possibility*** in the sense that anything is possible. Access may not be inferred through mere speculation or conjecture." *Id.* (emphasis added and citations omitted).

Meishe's TAC, however, is devoid of facts demonstrating access by Defendants, either directly or through Mr. Xie, to Meishe's ***un***registered Chinese copyrights (*i.e.*, "copyrighted code and software regardless of registration"). The TAC is silent on whether Mr. Xie had access to these additional copyrights. For this reason alone, the claim for infringement of the nebulous "copyrighted code and software regardless of registration" fails to state a claim under Rule 12.

As for Meishe's copyright claims over the seven later registered works, it is impossible for Meishe to demonstrate access by Defendants, even when all the alleged facts in Meishe's TAC are taken to be true. Meishe's only allegation of "access to Meishe's source code" is through its former employee, Mr. Xie. (TAC ¶ 58.) Mr. Xie—***as admitted by Meishe***—left Meishe on June 8, 2015. (*Id.* ¶ 96.) Thus, any copyright registrations to works created ***after*** June 8, 2015 cannot support a copyright claim, because Mr. Xie could not have had access to those works. The seven later registered works asserted by Meishe were completed from June 1, 2017 onwards—more than ***two full years*** after Mr. Xie left Meishe. (*Id.* ¶ 71.) Meishe does not allege any facts showing that Mr. Xie somehow obtained access to these works after he was employed. And, by virtue of his departure date compared to the creation dates, access to the seven later registered works by Mr. Xie is factually impossible as pled by Meishe. *See Goldwater Bank, N.A. v. Elizarov*, No. 21-cv-616-JWH, 2022 WL 18231680, *4 (C.D. Cal. Dec. 12, 2022) (dismissing with prejudice "factually impossible" claims for relief).

The only work alleged by Meishe that Mr. Xie could have accessed is 2015SR227927, which Meishe alleges was completed on Sept. 26, 2014. (TAC ¶¶ 62, 71.)[3] Meishe's copyright

---

[3] Meishe will likely argue that access to the seven later registered works exists because Mr. Xie had access to *portions* of these later-created works while working at Meishe. Any allegation of access to subsequent copyrights based on this theory is inadequate because copyright protection in

infringement claims to the seven registered works created after Mr. Xie left Meishe—Chinese Copyright Registration Nos. 2018SR037747, 2018SR037751, 2018SR038324, 2018SR218096, 2018SR218287, 2019SR0899912 and 2020SR0291426—should be dismissed due to the factual impossibility of Defendants' access to those works.

### 3.    Meishe Has Not Properly Pled a Violation of 17 U.S.C. § 1202

Meishe alleges a violation of a provision of the copyright code—17 U.S.C. § 1202—through conclusory allegations that Defendants provided copyright management information ("CMI") that is "false" or "removed or altered Meishe's" CMI.  (TAC ¶ 77.)  Meishe provides no identification of the CMI that was allegedly "removed or altered."  These bare and conclusory allegations do not plausibly allege a section 1202 violation.  *See Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1175 (N.D. Cal. 2019); *Philpot v. Alternet Media, Inc.*, No. 18-cv-4479-TSH, 2018 WL 6267876, *5 (N.D. Cal. Nov. 30, 2018).  Meishe's section 1202 copyright claim should be dismissed due to Meishe's failure to provide any cognizable basis for the claim.

### 4.    Meishe's Indirect Copyright Infringement Allegations Are Deficient

Meishe also appears to allege contributory and induced copyright infringement by asserting that Defendants were aware of the use of Meishe's "copyrighted source code" in the TikTok app, and "induced, caused, or materially contributed to the infringing conduct."  (TAC ¶ 77.)  A cognizable claim of contributory copyright infringement requires that Meishe plead facts sufficient to show that Defendants "had knowledge of the infringing acts relating to Plaintiffs' copyrighted works" or "induced, caused, and materially contributed to the infringing acts of others."  *Epikhin v. Game Insight North Am.*, No. 14-cv-4383-LHK, 2015 WL 2412357, *4 (N.D. Cal. May 20, 2015).  Meishe's TAC does nothing but recite bare legal conclusions without any facts sufficient to identify either the necessary acts by Defendants or the allegedly infringing conduct of TikTok app users.  (TAC ¶¶ 75, 77.)  Thus, Meishe's scattershot allegations fail to state a cognizable claim for relief, and any copyright claim based on contributory or induced infringement should be

derivative copyrights only extends to the newly added portions—which were developed two years after Mr. Xie left Meishe.  (*Id.* ¶ 71.) *See Siegel v. Warner Bros. Ent'mt Inc.*, 542 F. Supp. 2d 1098, 1124 (C.D. Cal. 2008); *SimplexGrinnell, LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 213–14 (S.D.N.Y. 2009).

- 7 -

dismissed.  *See Harrington v. Pinterest, Inc.*, No. 20-cv-5290-EJD, 2021 WL 4033031, *5 (N.D. Cal. Sept. 3, 2021); *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013).

**5.    Meishe's Complaint Fails to Plead Its Asserted Chinese Copyrights Are Exempt from the Registration Requirement**

A copyrighted work must be registered with the U.S. Copyright Office before the copyright owner may sue for infringement in the United States.  *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019); 17 U.S.C. § 411(a).  In certain circumstances, "foreign works" do not need to be registered under § 411(a) of the copyright code.  It is undisputed that Meishe's copyright claims all rely on foreign works—the copyrights it obtained in China.  But Meishe's TAC does not provide or otherwise allege facts sufficient to show its asserted Chinese copyrights do *not* need to be registered in the U.S. Copyright Office before it can bring suit.

Specifically, Meishe claims that all its registered and unregistered copyrights are "foreign works" under the U.S. Copyright Act, and thus are exempt from the registration requirements of 17 U.S.C. § 411(a).  (TAC ¶ 70.)  But this bare legal allegation of exemption is insufficient to meet the requirements for asserting foreign works without the benefit of a United States registration.

A plaintiff alleging it is exempt from § 411(a) "must allege that the works are not United States works within the meaning of [17 U.S.C.] § 101."  *DigitAlb, Sh.a v. Setplex LLC*, 284 F. Supp. 3d 547, 555 (S.D.N.Y. 2018).  To do so, a plaintiff must plausibly allege its work was "published" in a foreign country, and "the publication was, in fact, the first publication, and that the geographic extent of this first publication diverges from the statutory definition of a 'United States work.'"  *See Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1305 (11th Cir. 2012).  All these facts must be pled in the complaint; thus Meishe is required to assert that (1) its registered (and unregistered) copyrights were created and published in China, and that (2) they were first published solely in China, without concurrent availability in other countries, such as the United States.

The TAC contains no such allegations. Meishe provides only the bare legal conclusion that "Meishe's Copyrighted Works are foreign works as defined by the Copyright Act," and alleges only the "completion of [its copyright] registration[s]" in China, not the sole publication of the copyrighted work itself in China.  (TAC ¶¶ 70–71.). Therefore, Meishe's complaint is defective for

- 8 -

1   its failure to plead an exemption to § 411(a). *Joint Stock Co. Channel One Russia Worldwide v.*

2   *Infomir LLC*, No. 16-cv-1318-GBD-BCM, 2017 WL 696126, *15 (S.D.N.Y. Feb. 15, 2017), *rep't*

3   *and rec. adopted sub nom*, 2017 WL 2988249 (S.D.N.Y. Mar. 27, 2017) ("[Plaintiff] should also

4   allege, at least with respect to those [copyrighted] works, the facts that support their conclusion that

5   they possess the necessary exclusive rights under [foreign] law.").

6         Meishe must comply with § 411(a)—pre-registration of its copyrights with the U.S.

7   Copyright Office—before it can bring suit.  Because Meishe has not asserted any copyrights

8   registered in the U.S., its infringement claim must be dismissed.  *See Casa Dimitri Corp. v. Invicta*

9   *Watch Co. of Am., Inc.*, 270 F. Supp. 3d 1340, 1349 (S.D. Fla. 2017); *AFL Telecomm. LLC v.*

10  *SurplusEQ.com Inc.*, 946 F. Supp. 2d 928, 940 (D. Ariz. 2013).

11        **6.**      **Meishe's Substantial Similarity Allegations Do Not Provide Fair Notice**

12        Meishe's Copyright claim is also deficient because its allegations fail to provide fair notice

13  of how Defendants' works are allegedly substantially similar to Meishe's copyrighted works—both

14  registered and unregistered.  Instead, the TAC recites bare and vague allegations: *e.g.*, the "TikTok

15  app consists of Plaintiff's . . . reproduced software code . . ." (TAC ¶ 73), and "TikTok includes

16  portions of code that are copyrighted and owned by Plaintiff." (*Id.* ¶ 74).  These conclusory

17  statements provide no notice identifying what copyrighted works—registered or unregistered—are

18  substantially similar to what parts of the accused TikTok app.  Without this basic information,

19  Meishe's allegations are deficient. *See Synopsys*, 2013 WL 5770542, *4 ("Plaintiff further

20  hamstrings its complaint by simply speculating on how widespread the copying may be, without

21  describing any acts or works that infringe Plaintiff's Copyrighted Software. . . . Plaintiff must plead

22  some non-speculative facts about what Defendant infringed and how."); *Blizzard Entm't, Inc. v.*

23  *Lilith Games (Shanghai) Co*., 149 F. Supp. 3d 1167, 1175 (N.D. Cal. 2015) (granting motion to

24  dismiss where "Court [could] not meaningfully evaluate the plausibility of Plaintiff's allegations"

25  because plaintiff failed to "submit a representative sampling of infringed content"); *Phillips v.*

26  *Murdock*, 543 F. Supp. 2d 1219, 1226 (D. Haw. 2008) (granting motion to dismiss where

27  "[c]omplaint d[id] not identify any specific text in [Plaintiff's] work that [was] copied in

28  [Defendant's] publications. . . . [Plaintiff's] identification of [Defendant's] writings that infringe

on her copyrights is limited to the identification of similar ideas, concepts, themes, and topics");
*Richtek Tech. Corp. v. UPI Semiconductor Corp.*, No. 09-cv-5659-WHA, 2011 WL 166198, *3
(N.D. Cal. Jan. 18, 2011).

Meishe alleges that a comparison of decompiled source code in Meishe v2.5.4 and TikTok v8.5 suggests that "the code used to implement video and audio editing functions in the two apps is highly similar." (TAC ¶¶ 56–57.) But this allegation cannot save Meishe's copyright claims. As an initial matter, Meishe does not plead that the code in Meishe v2.5.4 is part of its copyright infringement claim in Count I. In addition, there is no identification of what parts of the Meishe code is allegedly "similar" to the TikTok v8.5 code. And finally, Meishe has failed to show that the two works are "highly similar," even though Meishe—by its own admission—has the requisite information, and has conducted an extensive review of Defendants' source code.

Moreover, Meishe's TAC fails to demonstrate how the ***protectable elements*** of its copyrighted works are similar to those in the TikTok app. In fact, Meishe never identifies what protectable aspect(s) of its asserted copyrights that Defendants have allegedly copied—thereby negating a plausible claim for copyright infringement. *See Synopsys*, 2013 WL 5770542, *4. Meishe has only alleged that its code and the TikTok app are similar in the functional sense—*i.e.*, that both works contain code that is "used to implement video and audio editing functions." (TAC ¶ 56.) Meishe's descriptions of its code reflect nothing more than processes, concepts, and ideas—not a detailed showing of an original work. This allegation does not describe an adequate level of similarity to survive a Rule 12 challenge. Plaintiffs must instead plead that "protectable elements" of the work—*i.e.*, the "constituent elements of the work that are original"—have been copied. *Feist*, 499 U.S. at 361; *see also El-Sedfy v. WhatsApp Inc.*, No. 16-cv-4056-JCS, 2016 WL 6427855, *6 (N.D. Cal. Oct. 31, 2016).

**B.**   **Meishe's Lanham Act Claim (Count V) Should Be Dismissed**

To support its Lanham Act claim, Meishe asserts that Defendants made "false and misleading statements about [Defendants'] ownership of its software" by "represent[ing] the software as their own, [and] not credit[ing] Meishe with being the owners or author of portions of Defendants' products or code." Meishe also alleges that removal of CMI from Defendants' source

- 10 -

1   code constitutes a false and misleading statement.  (TAC ¶¶ 160, 163–64.)  Notably, Meishe does

2   not allege Defendants rebranded Meishe's software product as their own, but rather that Defendants

3   *misrepresented* the intellectual property of the TikTok app as their own.  (*See id.* ¶¶ 158–59, 161.)

4   Meishe's "false advertising" allegation simply states that by copying the code, Defendants have

5   *ipso facto* claimed ownership over the code.

6        Mere allegations of misrepresentation cannot support a Lanham Act claim as a matter of

7   law.  The Lanham Act does not address the uncredited *copying* of a work, and cannot be used as a

8   surrogate to a copyright infringement claim.  In other words, Meishe cannot bootstrap its allegations

9   that Defendants copied the code into a false misrepresentation claim as to the origin or ownership

10  of that code.  *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 25, 37 (2003);

11  *Media.net Adver. FZ-LLC v. Netseer, Inc.*, 198 F. Supp. 3d 1083, 1087 (N.D. Cal. 2016)

12  ("[R]everse passing-off claim is not qualitatively different from a copyright claim and is preempted

13  because claims alleging misrepresentations of the ownership or origin of an idea do not differ from

14  the inherent misrepresentations that accompany unauthorized copying and reproduction of

15  another's copyrighted work.").  Simply put, the Lanham Act's protection for claims of false

16  authorship cannot be used as a vehicle to protect an author's interest in the content itself.  Such

17  claims are not actionable under the Lanham Act and should instead be pursued under copyright

18  law. *See Dastar*, 539 U.S. at 37.

19       Meishe also alleges a Lanham Act false designation of origin claim related to Defendants'

20  alleged removal or alteration of Meishe's "CMI."  No further information is provided by Meishe,

21  such as the content of the removed or altered CMI, or where in Meishe's code the CMI was located

22  (from which it was allegedly removed or altered).  This allegation is thus flawed because—like

23  false advertising claims to content—a false designation of origin claim cannot be proven simply by

24  showing a copyright violation.  *See Ricketts v. CBS Corps.*, 439 F. Supp. 3d 1199, 1210 n.3 (C.D.

25  Cal. 2020); *Lipton v. Nature Co.*, 71 F.3d 464, 473 (2d Cir. 1995) ("[A]s a matter of law, a false

26  copyright notice alone cannot constitute a false designation of origin within the meaning of § 43(a)

27  of the Lanham Act.").

28

**C.**     <u>Meishe's Trade Secret Claims (Counts II, III) Should Be Dismissed</u>

Meishe's DTSA and TUTSA trade secret claims should be dismissed for at least two separate, independent grounds. First, Meishe has failed to give sufficient notice to Defendants by identifying what comprises its trade secrets. Second, Meishe's DTSA claim should be dismissed because the DTSA does not apply extraterritorially, and all the alleged improper acts pled by Meishe occurred in China.[4]

**1.**     <u>Meishe Fails to Provide Sufficient Notice of Its Alleged Trade Secrets</u>

To state a claim for trade secret misappropriation, a plaintiff must identify the trade secrets it owns that were allegedly misappropriated. *See Kinect Renewable Sols., LLC v. Des-Verney*, No. 22-cv-423-JGB, 2022 WL 21768580, *6 (C.D. Cal. Mar. 15, 2022). To do so, a plaintiff "should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade." *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164-65 (9th Cir. 1998). Put another way, "[t]he pleadings must give defendants reasonable notice of the issues which must be met at the time of trial[.]" *Teradata Corp. v. SAP SE, et al.*, No. 18-cv-03670-WHO, 2018 WL 6528009, *3 (N.D. Cal. Dec. 12, 2018). Meishe's complaint fails to meet these requirements.

Meishe's ***only*** attempt to identify its purported trade secrets is a single paragraph:

> Plaintiff is the owner of trade secrets that include, but are not limited to proprietary, independently-developed software code that allows for video and audio editing, video and audio processing, video and audio release personalize audio and video recommendations, webcasting and other confidential business information.

TAC, ¶¶ 87 (DTSA); 119 (identical for Texas UTSA).

This broad and vague description is devoid of specificity and fails to give Defendants notice of whether the purported trade secrets are generally available to the public or are readily ascertainable to one in the industry. It is so generic—"software code that allows for video and audio" functions—that it provides no clarity to Defendants (or the Court) as to what the alleged

---

[4] Defendants also contend that the TAC fails to properly plead multiple elements of Meishe's trade secret claims under Chinese law. As indicated in the Joint Case Management Statement (Dkt. 399 at 4:12–13, 8:17), Defendants intend to file a Rule 44.1 motion addressing this deficiency after the Court resolves this Rule 12(b)(6) motion.

secret information is and how it differs from information that is publicly known. *See Creative Writer Software, LLC v. Schechter*, No. 23-cv-2471-MWF, 2023 WL 6786796, *3 (C.D. Cal. Sept. 5, 2023) (dismissing trade secret misappropriation claim because "[i]t is unclear whether Plaintiff's proprietary information refers to … underlying source code, the functionality of the code, the design of the platform, the exact combination of various features that typically require at least two or three different programs, all of the above, or something else entirely"); *Synopsys*, 2013 WL 5770542, *6 (finding trade secrets described as "proprietary input and output formats, scripts, and technical product documentation" to be "too sweeping and vague," making it impossible "to determine where trade secret protection begins and ends," and improper conclusions of law, failing to state a claim under *Twombly*); *Teradata*, 2018 WL 6528009, *4 (same).

Meishe will likely argue that the court is "precluded" by the law of the case doctrine to address this issue, because the Texas court already ruled on this issue.  For example, in the parties' Joint Case Management Statement, Meishe cites to a September 14, 2022 order (Dkt. 128) to support its position it has met its burden of identifying its trade secrets with specificity, and this Court is thus "precluded" from considering the issue.  *See* Dkt. 399 at 12.[5]

However, the Texas court expressly stated that its discovery order was not tied to the sufficiency of Meishe's pleadings.  *See* Dkt. 151-3 at 30:12–16 (sealed transcript).  The Texas court also made clear that, even as to discovery, the order was preliminary.  *Id.* at 30:9–11.  Indeed, the court later revisited the same issue—after allowing Meishe to inspect Defendants' source code—and found that *even Meishe's discovery responses* failed to adequately identify its trade secrets.  *See* Dkt. 195; Dkt. 196 ("Plaintiff … must identify the specific portions of code … that it contends … misappropriate its trade secrets.").  The Texas court recognized, when ordering Meishe to describe its trade secrets with more particularity, that "[a]ll rulings of a trial court are subject to revision at any time before entry of judgment." Dkt. 196; *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888–89 (9th Cir. 2001) (law of the case doctrine does not preclude trial courts from revisiting issues); *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) ("The law

---

[5] Any reliance by Meishe on extraneous documents—including prior West Texas orders—is misplaced in the Rule 12(b)(6) context.  *See Schneider*, 151 F.3d at 1197 n.1.

of the case doctrine is 'wholly inapposite' to circumstances where a district court seeks to reconsider an order over which it has not been divested.").

In any event, Meishe has had **three years**—and three separate amendment opportunities—to adequately plead identification of its alleged trade secrets. It has failed to do so.  For these reasons, Meishe's trade secret claims should be dismissed.

## 2.    Meishe's Allegations of Foreign Acts Are Not Actionable Under DTSA

Count II, the federal trade secret DTSA claim, should also be dismissed because the TAC does not allege that any actionable facts occurred in the United States.  The DTSA applies "to conduct occurring outside the United States," but only if "an act in furtherance of the offense was committed in the United States."  18 U.S.C. § 1837; *see* 18 U.S.C. § 1837(2); *ProV Int'l Inc. v. Lucca*, No. 19-cv-978, 2019 WL 5578880, *3 (M.D. Fla. Oct. 29, 2019).  Meishe's TAC does not plead the DTSA's requirement that "an act in furtherance of the offense" was committed in the United States.  Instead, the alleged "acts" supporting the DTSA claim occurred in China.  For example, Meishe alleges that Mr. Xie, a citizen and resident of China, improperly accessed and downloaded trade secrets owned by Meishe, a Chinese entity, in China.  (TAC ¶ 94.)  Meishe next alleges that Defendants improperly acquired the trade secrets when a Chinese subsidiary (Beijing ByteDance) hired Mr. Xie in China.   (*Id*. ¶¶ 98–99, 102–103.).  Meishe finally alleges that Defendants subsequently used Meishe's trade secrets to create "products that embody Plaintiff's trade secrets," again in China.  (*Id*. ¶¶ 97, 105, 107.)  As pled, the alleged offense thus began and ended in China.

The only conduct in the United States is Meishe's allegation that Defendants "offer for sale, sell, and enable the use of products that embody Plaintiff's trade secrets . . . in the United States."  (*Id*. ¶ 107.)  This allegation does not give rise to a DTSA claim because the alleged acts of "misappropriation"—acquisition, use, and disclosure—occurred in China.  Merely alleging that products "embody" the trade secrets does not constitute "use" of the trade secrets.  Indeed, the vague concept of "embodiment" is insufficient to plead an "act" in the United States.  *See ProV*, 2019 WL 5578880, *3 (no DTSA claim where alleged acts occurring in United States "do not constitute part of the offense itself but constitute[s] the effects of a fully completed operation"

(citations omitted)).

**D.** **Meishe's Repeated Failure to Cure Deficiencies Warrants Dismissal Without Leave to Amend**

A district court ordinarily grants leave to amend unless one or more the following factors is present: (1) "undue delay," (2) "bad faith or dilatory motive," (3) "repeated failure to cure deficiencies by amendment," (4) "undue prejudice to the opposing party," and (5) "futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2009).

Meishe filed its complaint in the Western District of Texas on May 18, 2021. Meishe subsequently amended its complaint three times: August 4, 2021 (Dkt. 6), August 10, 2021 (Dkt. 7), and April 20, 2023 (Dkt. 235). Despite over a year of discovery, including multiple chances to review Defendants' source code, Meishe has not cured the deficiencies in its Second Amended Complaint. Nor has Meishe identified in its pleading a single instance of code in Defendants' source code identical to its alleged copyrighted works, much less to protectable elements of its works. *Coffelt v. Autodesk, Inc.*, No. 17-cv-1684-FMO, 2018 WL 4998272, *5 (C.D. Cal. Sept. 30, 2018) (dismissing without leave to amend where "Plaintiff's allegations of copying bear no relation to protectable elements of his source codes, and … pertains only to the ideas underlying his copyrighted works and not the tangible expression of those works."). Permitting Meishe a fourth do-over more than two years into this litigation—after Defendants have expended substantial resources defending against Meishe's as-pled claims—would prejudice Defendants. Any further request for leave to amend should therefore be denied. *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.")

**V.** **CONCLUSION**

For the reasons above, the Court should dismiss Meishe's claims under Rule 12(b)(6) without leave to amend.

- 15 -

Dated:    March 1, 2024

WHITE & CASE LLP


By:    /s/ Yar R. Chaikovsky
Yar R. Chaikovsky
WHITE & CASE LLP
Yar R. Chaikovsky (175421)
yar.chaikovsky@whitecase.com
Philip Ou (259896)
philip.ou@whitecase.com
David T. Okano (278485)
david.okano@whitecase.com
Heather Burke (284100)
heather.burke@whitecase.com
Radhesh Devendran (318517)
radhesh.devendran.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone:  (650) 213-0300
Facsimile:   (650) 213-8158

WHITE & CASE LLP
Michael Songer
michael.songer@whitecase.com
701 Thirteenth Street, NW
Washington, DC 2005-3807
Telephone:  (202) 626-3600
Facsimile:   (202) 639-9355

Andrew Zeve
andrew.zeve@whitecase.com
Jeremy Dunbar
jeremy.dunbar@whitecase.com
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile:  (713) 496-9701

PAUL HASTINGS LLP
Andrea Roberts
andrearoberts@paulhastings.com
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:      1(650) 320-1800
Facsimile:       1(650) 320-1900


Attorneys for TikTok Inc., TikTok Pte. Ltd.,
ByteDance Ltd. and ByteDance Inc.

- 16 -