WHITE & CASE LLP
Yar R. Chaikovsky (175421)
yar.chaikovsky@whitecase.com
Philip Ou (259896)
philip.ou@whitecase.com
David T. Okano (278485)
david.okano@whitecase.com
Heather Burke (284100)
heather.burke@whitecase.com
Radhesh Devendran (318517)
radhesh.devendran.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile:   (650) 213-8158

Additional Counsel listed on Signature page

*Attorneys for Defendants TikTok Inc., TikTok Pte. Ltd., ByteDance Ltd. and ByteDance Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., and BYTEDANCE INC.,<br><br>Defendants. | Case No.  3:23-cv-06012-SI<br><br>**REPLY IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)**<br><br>Date:  April 5, 2024<br>Time:  10:00 am PST<br>Courtroom:  Courtroom 1, 17th Floor<br>Judge: Hon. Susan Illston |

1

## <u>TABLE OF CONTENTS</u>

2

<u>**Page(s)**</u>

3

I.    INTRODUCTION ................................................................................................ 1

4

II.    ARGUMENT ...................................................................................................... 1

5

    A.    Meishe's Copyright Claim (Count I) Should Be Dismissed .................... 1

6

        1.    Meishe's Unregistered Copyright Claim Is Vague ..................... 2

7

        2.    Meishe Fails to Properly Plead Access ...................................... 3

8

        3.    Meishe Fails to Properly Plead DMCA Claims ........................... 4

9

        4.    Meishe Fails to Properly Plead Secondary Infringement Claims ............... 6

10

        5.    Meishe Fails to Sufficiently Plead Foreign Works ..................... 6

11

        6.    Meishe's Allegations of Substantial Similarity Are Vague ...................... 7

12

    B.    Meishe's Lanham Act Claim (Count V) Should Be Dismissed under *Dastar* ................................................................................................ 8

13

14

    C.    Meishe's Trade Secret Claims (Counts II, III) Should Be Dismissed for Failure to Identify Trade Secrets with Particularity ............................... 9

15

    D.    Meishe's DTSA Claim (Count II) Is Not Actionable and Should Be Dismissed ............................................................................................. 11

16

17

    E.    Meishe's TAC Should Be Dismissed with Prejudice .......................... 11

III.    CONCLUSION ............................................................................................... 12

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*A'lor Int'l, Ltd. v. Tappers Fine Jewelry, Inc.*,
  No. 12-cv-2215-RGK, 2012 WL 12921035 (C.D. Cal. Aug. 8, 2012) ................................... 5

5

6

*Adobe Sys. v. A & S Elecs., Inc.*,
  153 F. Supp. 3d 1136 (N.D. Cal. 2015) ................................................................................. 8

7

*Andersen v. Stability AI Ltd.*,
  No. 23-cv-201-WHO, 2023 WL 7132064 (N.D. Cal. Oct. 30, 2023) ................................. 4, 5

8

9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 .......................................................................................................................... 3, 6

10

11

*City of L.A., Harbor Div. v. Santa Monica Baykeeper*,
  254 F.3d 882 (9th Cir. 2001) ................................................................................................. 2

12

*Cybermedia, Inc. v. Symantec Corp.*,
  19 F. Supp. 2d 1070 (N.D. Cal. 1998) .................................................................................. 4

13

14

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
  539 U.S. 23 (2003) .............................................................................................................. 8, 9

15

16

*Davis v. Pinterest, Inc.*,
  No. 19-cv-7650-HSG, 2021 WL 879798 (N.D. Cal. Mar. 9, 2021) .................................... 6

17

*Energy Intelligence Grp., Inc. v. Jeffries, LLC*,
  101 F. Supp. 3d 332 (S.D.N.Y. 2015) .................................................................................. 3

18

19

*Evox Prods. v. Verizon Media*,
  No. 20-cv-2852-CBM, 2020 WL 5894564 (C.D. Cal. Aug. 19, 2020) ................................ 9

20

*Foman v. Davis*,
  371 U.S. 178 (1962) ............................................................................................................. 12

21

22

*Frost-Tsuji Architects v. Highway Inn, Inc.*,
  No. 13-cv-496-SOM, 2015 WL 263556 (D. Haw. Jan. 21, 2015), *aff'd*, 700 F.
  App'x 674 (9th Cir. 2017) ..................................................................................................... 5

23

24

*Imax Corp. v. Cinema Techs., Inc.*,
  152 F.3d 1161 (9th Cir. 1998) .......................................................................................... 10, 11

25

26

*InteliClear, LLC v. ETC Global Holdings, Inc.*,
  978 F.3d 653 (9th Cir. 2020) ............................................................................................... 10

27

*Jobscience, Inc. v. CVPartners, Inc.*,
  2014 WL 1724763 (N.D. Cal. May 1, 2014) ....................................................................... 10

28

*Kelly v. Arriba Soft Corp.*,
   77 F. Supp. 2d 1116 (C.D. Cal. 1999), *rev'd on other grounds*, 336 F.3d 811
   (9th Cir. 2003) ............................................................................................................. 5

*Kernel Recs. Oy v. Mosley*,
   694 F.3d 1294 (11th Cir. 2012) ................................................................................... 7

*Kirk Kara Corp. v. W Stone & Metal Corp.*,
   2020 WL 5991503 (C.D. Cal. Aug. 14, 2020) ............................................................. 5

*Moore v. Kayport Package Express*,
   885 F.2d 531 (9th Cir. 1989) ...................................................................................... 11

*Perfect 10, Inc. v. Giganews, Inc.*,
   847 F.3d 657 (9th Cir. 2007) ........................................................................................ 6

*Philpot v. Alternet Media, Inc.*,
   No. 18-cv-4479-TSH, 2018 WL 6267876 (N.D. Cal. Nov. 30, 2018) ......................... 5

*Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*,
   845 F.3d 1246 (9th Cir. 2017) ...................................................................................... 9

*Stevens v. Corelogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018) ........................................................................................ 4

*Swift Harvest USA, LLC v. Boley Int'l HK Ltd*,
   No. 19-cv-700-DMG, 2020 WL 7380148 (C.D. Cal. Sept. 22, 2020) .......................... 6

*Talavera v. Glob. Payments, Inc.*,
   670 F. Supp. 3d 1074 (S.D. Cal. 2023) ........................................................................ 8

*Taradata Corp. v. SAP SE*,
   2018 WL 6828009 (N.D. Cal. Dec. 12, 2018) ............................................................ 11

*UAB "Planner 5D" v. Facebook, Inc.*,
   No. 19-cv-3132-WHO, 2019 WL 6219223 (N.D. Cal. Nov. 21, 2019) ........................ 7

*United States v. Smith*,
   389 F.3d 944 (9th Cir. 2004) ........................................................................................ 2

*Vest Safety Med. Servs., LLC v. Arbor Env't, LLC*,
   2022 WL 2812195 (S.D. Tex. June 17, 2022) ............................................................ 10

**Statutes**

17 U.S.C. § 411 .................................................................................................................. 6

17 U.S.C. § 1202 ........................................................................................................... 4, 5

28 U.S.C. § 636 ............................................................................................................. 1, 2

**Other Authorities**

Fed. R. Civ. P. 72 ................................................................................................................. 1

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3

After three amended complaints, three Rule 12(b)(6) motions, and over two years of

4

litigation, Meishe still has not gotten it right.  Meishe's Third Amended Complaint ("TAC," Dkt.

5

235) still fails to plead claim elements and relies on bare allegations not tied to cognizable facts.

6

Meishe's opposition ("Opp.," Dkt. 414) highlights these flaws.  Instead of addressing the legal

7

arguments in Defendants' Rule 12 motion ("Mot.," Dkt. 409), Meishe mischaracterizes facts,

8

misconstrues the law, and avoids inconvenient disputed issues.  Meishe's TAC should be dismissed.

9

Moreover, since Meishe has now failed to provide fair notice of its claims after three attempts and

10

the benefit of years of discovery, dismissal of Meishe's TAC should be with prejudice.

11

**II.     ARGUMENT**

12

**A.      Meishe's Copyright Claim (Count I) Should Be Dismissed**

13

As a threshold matter, Meishe argues that Defendants should not be afforded another chance

14

to attack its copyright claim because the West Texas court has already rejected Defendants'

15

arguments.  (*See* Opp. Section III.A.3.)  Meishe is wrong.

16

Meishe points to Judge Gilliland's "order" (Dkt. 336) to suggest that the West Texas court

17

"ruled" on its copyright claim.  (*See* Opp. 7.)  Contrary to Meishe's characterization, the "order"

18

pertaining to Defendants' dispositive Rule 12 motion is a non-final magistrate judge's report on

19

findings and recommendations.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  These

20

findings and recommendations—which the District Court never adopted—do not even state that

21

Magistrate Judge Gilliland was actually issuing a ruling.

22

Judge Gilliland's "order" stated that Defendants' Rule 12 motion was denied ***in part*** for

23

Meishe's copyright claims, without an explanation of what aspect or what particular claims he

24

intended to resolve.  *See* Dkt. 336 at 1.  The magistrate judge was required to file his proposed

25

"***findings*** and recommendations" with the Court.  28 U.S.C. § 636(b)(1)(C) (emphasis added).

26

There are no "findings" in Judge Gilliland's statement.  Nor are there "recommendations" that

27

provide guidance as to what Judge Gilliland intended.  Absent further explanation, it is impossible

28

to state with any certainty which portions of Defendants' argument the magistrate judge was

denying.   Judge Gilliland also stated that he was taking Defendants' Rule 12 motion under advisement.  *See* Dkt. 336 at 1–2.  This statement indicates that the findings and discernible scope of his recommendations necessary to comply with his statutory obligations under § 636(b)(1)(C) was forthcoming, but ultimately never provided.   Moreover, nothing in the statement by the magistrate judge was ever adopted by the district court.

In any event, "[a]ll rulings of a trial court are subject to revision at any time before the entry of judgment."  *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888–89 (9th Cir. 2001) (recognizing that law of the case doctrine does not preclude trial courts from revisiting issues); *see also United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) ("The law of the case doctrine is 'wholly inapposite' to circumstances where a district court seeks to reconsider an order over which it has not been divested.").  Meishe's effort to manufacture a ruling that was never made by the district court should be rejected.  This Court is not precluded from hearing Defendants' arguments on Meishe's copyright claims and must do so because Defendants' claims have never been fully or properly resolved.

### 1.      Meishe's Unregistered Copyright Claim Is Vague

Meishe's copyright claims tied to unregistered works should be dismissed for repeatedly failing to provide sufficient notice under *Iqbal/Twombly*.  Meishe's Opposition fails to rebut the crux of Defendants' argument that the TAC is devoid of allegations identifying or describing the ***unregistered*** copyrights beyond the hopelessly vague phrase of "copyrighted code and software regardless of registration."  (Mot. 4–5.)  Meishe instead responds with misdirection, claiming that it "identified its copyright[ed] works with particularly, including the specific ***registered*** works that were copied."  (Opp. 4, 5 (emphasis added).)   Meishe simply presents a straw-man fallacy of refuting a different argument—one related to the eight ***registered*** works, which has no bearing on the sufficiency of its claims tied to ***unregistered*** works.

Meishe's reliance on its production of source code (*id*. 4 n.2) and Defendants' participation in the discovery process of this case so far (*id.* 1) as proxies for providing sufficient notice under *Iqbal/Twombly* is both improper and inadequate.  It is improper because Meishe resorts to facts beyond the four corners of the complaint.  It is inadequate because Meishe's production of its

"entire source code" (*id.* 4 n.2) is an "overly-inclusive list[] of copyright works that amount to vague and expansive allegations," which cannot survive a Rule 12 Motion. *Energy Intelligence Grp., Inc. v. Jeffries, LLC*, 101 F. Supp. 3d 332, 339 (S.D.N.Y. 2015); (Mot. 4–5.)

Meishe's Opposition has not identified any other allegations that add information to this generic statement of "copyrighted code and software regardless of registration." As such, Meishe's unregistered copyright claims cannot be construed to show a claim to relief and must be dismissed.

### 2.     Meishe Fails to Properly Plead Access

Meishe's claims for seven of the eight registered copyrights should also be dismissed because Meishe did not—and indeed cannot—plead the requisite element of Defendants' "access" to those works. (Opp. 5–7.) These seven works were completed *after* Mr. Xie resigned from Meishe. (TAC ¶ 71 (alleging that *completion dates* for seven works range from *two to four years after* Mr. Xie left Meishe).) The allegations in the TAC do not even suggest that Mr. Xie had access to works completed more than two years after he resigned and departed from Meishe nor is such access even plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (Claim must be "plausible on its face.").

Meishe's Opposition argues that Defendants improperly assume that the seven works did not "exist" when Mr. Xie was still employed at Meishe. (Opp. 6.) But it is Meishe's burden to plead a plausible claim based on cognizable facts in the *complaint*. A bare assertion that these software versions existed in their entirety two to four years before Meishe represented to the copyright office in China they were "completed" is not plausible without further facts. (And any such facts tied to Meishe's argument in its Opposition would contradict what Meishe has produced in discovery.) Meishe's copyright claims as to the seven works should be dismissed.

Furthermore, the TAC is devoid of facts demonstrating access by Defendants, either directly or through Mr. Xie, to Meishe's unregistered Chinese copyrights (*i.e.*, "copyrighted code and software regardless of registration"). Meishe's Opposition has offered no additional support, and Meishe's copyright claim as to the unregistered copyrights should therefore be dismissed.

Meishe's Opposition also alleges it can bypass the "access" element because it pled that shared "typographical errors" exist in the code, thus demonstrating "striking similarity" to allow

- 3 -

the Court to infer access to the registered portions of the work.  (Opp. 6–7.)  But Meishe presents no detail whatsoever regarding this alleged copying of typographical errors.  Meishe cites to an online article written by a third party that reports on Meishe's allegations in yet another lawsuit (in China) of copied typographical errors in an entirely different app—the "Douyin" app.[1]  This article provides no detail on the Meishe source code at issue in the Douyin lawsuit, or whether it is even asserted in this case.

In other words, Meishe's allegation of "striking similarity" is only supported by a third-party report of statements made by Meishe in a different lawsuit, on an entirely different product, involving potentially different copyrights.  This is insufficient.  The cases cited by Meishe are easily distinguishable; in those cases, the plaintiff presented *line-by-line* comparisons of the copyrighted and infringing works to demonstrate striking or substantial similarity.  *See, e.g., Cybermedia, Inc. v. Symantec Corp.*, 19 F. Supp. 2d 1070, 1077 (N.D. Cal. 1998).  Here, despite over a year of discovery and extensive code review, Meishe has not included any allegations comparing its code and the accused TikTok code.  Meishe thus was required, but failed to show access to, seven of the eight registered works or to any unregistered works.  Meishe's claims tied to these works should be dismissed.

### 3.    Meishe Fails to Properly Plead DMCA Claims

As noted in Defendant's Motion (Mot. 7), Meishe's § 1202 allegations fail to state a claim for relief because Meishe has not offered any alleged facts to support its claim.  A claim under both 17 U.S.C. §§ 1202(a) and (b) requires knowledge and intent.  In the Ninth Circuit, a plaintiff "must make an affirmative showing, such as by demonstrating a past 'pattern of conduct' or 'modus operandi,' that the defendant was aware or had reasonable grounds to be aware of the probable future impact of its actions."  *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018).  At the pleading stage, this requires pleading facts "plausibly showing that the alleged infringer had this required mental state."  *Andersen v. Stability AI Ltd.*, No. 23-cv-201-WHO, 2023 WL 7132064,

---

[1] Meishe has admitted the Douyin app is a "different app[]" than the TikTok app at issue in this case. Meishe emphasized this fact to oppose Defendants' stay motion under the abstention doctrine. Dkt. 45 at 8.  Meishe's reliance on a newspaper article quoting its own Chinese allegations instead of simply making the allegation here underlines the impossibility of Meishe's argument.

1   *10 (N.D. Cal. Oct. 30, 2023).  Meishe alleges that Defendants "removed or altered" its CMI "from

2   the software [Defendants] copied" (TAC ¶ 77) and that Defendants did so "knowingly with intent

3   to induce."  (*Id.*)  Meishe's Opposition asserts—without support—that pleading intent by bare legal

4   conclusions is sufficient.  (Opp. 7–8).  Meishe, however, pleads no facts to support its allegations

5   of Defendants' knowledge and intent.  *See Philpot v. Alternet Media, Inc.*, No. 18-cv-4479-TSH,

6   2018 WL 6267876, *5 (N.D. Cal. Nov. 30, 2018) (dismissing DMCA claim where plaintiff "fail[ed]

7   to plead any facts showing that [defendant] had the required mental state").  For this reason, any

8   Meishe claim under §§ 1202(a) and (b) should be dismissed.

9          Meishe's allegations under § 1202(b) have additional defects.  First, Meishe's allegations

10   cannot support a claim under 17 U.S.C. §§ 1202(b)(1) or (2) because Meishe has not alleged any

11   actionable conduct under these subsections, which require that CMI be removed or altered from an

12   *original* work—not a copy of that work.  *A'lor Int'l, Ltd. v. Tappers Fine Jewelry, Inc.*, No. 12-cv-

13   2215-RGK, 2012 WL 12921035, *10 (C.D. Cal. Aug. 8, 2012) (finding allegations that defendant

14   omitted CMI from illegal copies of plaintiff's jewelry insufficient to state a DMCA claim); *Kelly

15   v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999), *rev'd on other grounds*, 336 F.3d

16   811 (9th Cir. 2003) (§ 1202(b)(1) "applies only to the removal of [CMI] on a plaintiff's product or

17   original work").

18          Second, Meishe also fails to allege necessary elements of a claim under 17 U.S.C.

19   § 1202(b)(3).  This subsection prohibits removing or altering CMI from a copy of an original work.

20   But a § 1202(b)(3) claim can only proceed if the *copy* and the original works are *identical*.  *See

21   Kirk Kara Corp. v. W Stone & Metal Corp.*, 2020 WL 5991503, *6 (C.D. Cal. Aug. 14, 2020); *see

22   also Frost-Tsuji Architects v. Highway Inn, Inc.*, No. 13-cv-496-SOM, 2015 WL 263556, *3 (D.

23   Haw. Jan. 21, 2015), *aff'd*, 700 F. App'x 674 (9th Cir. 2017) (No § 1202(b) violation where

24   allegedly infringing drawing was "not identical").  Meishe's TAC does not allege or plead facts to

25   support a plausible claim that the software Defendants allegedly copied is *identical* to its own.

26   Without more, Meishe has not pleaded a violation of § 1202(b)(3) as a matter of law.

27          In short, Meishe has not pleaded a viable § 1202 CMI claim under any of its subsections.

28   Meishe's § 1202 claim should be dismissed in its entirety.

1          **4.      Meishe Fails to Properly Plead Secondary Infringement Claims**

2          Meishe's Opposition acknowledges that a plaintiff is required to allege that Defendants

3    "ha[d] knowledge of a third party's infringing activity."  (Opp. 9); *Perfect 10, Inc. v. Giganews,*

4    *Inc.*, 847 F.3d 657, 670 (9th Cir. 2007).  But Meishe's Opposition fails to identify allegations in the

5    TAC alleging this requisite knowledge.  Instead, Meishe responds with misdirection, claiming that

6    it had "extensively pled the inducement of others by Defendants."  (Opp. 9–10.)

7          Indeed, Meishe admits the flimsiness of its allegations, arguing that "only minimal notice

8    pleading is required" at the Rule 12 stage.  (*Id.*)  But even if construed in the light most favorable

9    to the plaintiff, the complaint must still allege all the requisite elements with sufficient facts.

10   *Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

11   not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

12   'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

13   elements of a cause of action will not do." (citations omitted)).

14         At best, Meishe has presented nothing other than the accusation of "awareness" of use of

15   the code and the bare legal conclusions of "inducement" or "material contribution" to infringing

16   conduct, but Meishe does not plead such "awareness" of any specific acts of infringement.  (Opp.

17   9–10.)  This is insufficient.  *See Davis v. Pinterest, Inc.*, No. 19-cv-7650-HSG, 2021 WL 879798,

18   *3 (N.D. Cal. Mar. 9, 2021) (dismissing secondary copyright infringement claims because

19   "Plaintiff still d[id] not allege that Defendant had knowledge—actual or constructive—of specific

20   acts of infringement.").  Meishe's secondary infringement claims should be dismissed.

21         **5.      Meishe Fails to Sufficiently Plead Foreign Works**

22         Meishe effectively admits it failed to plead its copyrights as "foreign works" exempt from

23   pre-suit registration formalities, as is required to assert a copyright claim in the United States.

24   Meishe's Opposition argues that its failure should be excused because the Copyright Act also

25   protects unpublished works and that all the works asserted in this case were created by foreign

26   nationals abroad.  (*See* Opp. 10–11.)  But the fact remains that Meishe has not satisfied its burden

27   of alleging the facts necessary to exempt itself from 17 U.S.C. § 411(a)'s pre-suit registration

28   requirement in the complaint.  *See Swift Harvest USA, LLC v. Boley Int'l HK Ltd*, No. 19-cv-700-

- 6 -

DMG, 2020 WL 7380148, *10 (C.D. Cal. Sept. 22, 2020); *UAB "Planner 5D" v. Facebook, Inc.*, No. 19-cv-3132-WHO, 2019 WL 6219223, *6 (N.D. Cal. Nov. 21, 2019); *Kernel Recs. Oy v. Mosley*, 694 F.3d 1294, 1309–10 (11th Cir. 2012).

Meishe also contends that it has pled ownership of the foreign Copyrighted Works. (*See* Opp. 11.) This argument is insufficient because ownership alone is insufficient to plead exemption to the registration requirement. Meishe's repeated failure to satisfy its burden warrants dismissal of its registered and unregistered copyright claims.

### 6.   Meishe's Allegations of Substantial Similarity Are Vague

Defendants' Motion demonstrated how all Meishe's copyright claims should be dismissed because Meishe could not plead a "substantial similarity" between its copyrighted works and TikTok code. (Mot. 9–10.) This is because Meishe has failed to identify what copyrighted works—registered or unregistered—are substantially similar to what parts of the accused TikTok app. This deficiency renders the claim deficient under Rule 12. (*Id*.)

Meishe's Opposition, rather than showing the similarities as pled, rehashes vague concepts and bare allegations. For example, Meishe argues that substantial similarity can be shown by an undisclosed comparison between the TikTok app and a version of the Meishe app, all without any reference to whether the undisclosed comparison involved any allegedly copyrighted works. (Opp. 11.) Meishe also relies on broad accusations that Defendants took "purposeful steps to obfuscate its software code to conceal their infringement," without any supporting facts. (*Id*.) Finally, Meishe argues that a high-level recitation of a work's functionality is sufficient to show similarity. (*Id*.) Taken in a light most favorable to Meishe, all this shows is that an unprotected element—a description of code functionality—may exist. This comparison of the functionality of software is irrelevant to a *copyright* claim, as the "similarity" element relies on comparing the legally protectable portions of a copyrighted work— which Meishe has not pled in the TAC.

None of these arguments establish a plausible link between similarities in the code of the alleged copyrighted work and code in the accused TikTok app. (Mot. 9–10.) A bare allegation that the TikTok code is similar to the Meishe code is insufficient on an initial pleading, much less a third amended complaint after Meishe has had access to Defendants' source code for over a year.

**B.      Meishe's Lanham Act Claim (Count V) Should Be Dismissed under *Dastar***

Meishe's Lanham Act claim should be dismissed.  Contrary to law, it is being used in lieu of the Copyright Act to prevent alleged unaccredited copying of intellectual property.  Meishe does not, and cannot, address the foundation of Defendants' argument that the alleged infringing conduct amounts to copying, which is dealt with through copyright laws and not through the Lanham Act under the instructive holding in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003).

Meishe has offered no substantive counter to differentiate its allegations from those presented in *Dastar*.  In *Dastar*, the defendant purchased video tapes of the plaintiffs' television series, copied and edited them, put the edited video onto its own tapes, and then sold the video tapes to the public.  *Id*. at 26–27.  The Lanham Act claim was dismissed because "[the defendant] was the origin of the products it sold as its own."  *Id.* at 38.  Similarly, in *Talavera v. Glob. Payments, Inc.*, 670 F. Supp. 3d 1074, 1106–7 (S.D. Cal. 2023), the defendants copied the plaintiffs' software code into a new file, removed "portions of [the plaintiffs'] code that deal with license key checks and sections of the code that reference call home functionality," and then offered that product to potential clients.  *Id.*

Meishe cites several irrelevant legal authorities to attack a mischaracterized version of Defendants' argument, including the issue of whether the Copyright Act preempts the Lanham Act.  (*See* Opp. 13.)  This argument, and the cited cases, are inapposite.  For example, unlike the defendants in *Adobe Sys. v. A & S Elecs., Inc.*, 153 F. Supp. 3d 1136, 1143 (N.D. Cal. 2015), Defendants do not seek dismissal on the mere fact there are copyright and Lanham Act claims based on the same set of underlying facts.  Rather, Defendants rely on the nature of Meishe's allegations—improper attribution of its ideas into the TikTok app (*see, e.g.*, TAC ¶ 161)—to argue that a conflict exists when both copyright laws and the Lanham Act are applied.  *Cf. Adobe*, 153 F. Supp. 3d at 1143 ("[A]side from citing *Dastar*, Defendants fail to present any argument demonstrating that any conflict between Adobe's copyright and Lanham Act claims.")

Meishe further cites multiple cases to improperly recharacterize itself as a producer of a tangible good (the source code that Defendants allegedly copied).  (*See* Opp. 13.)  A relevant good

1    under the Lanham Act, however, is the tangible product that is sold in the marketplace.  *See Slep-*

2    *Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1250 (9th Cir.

3    2017).  Neither Defendants nor Meishe are alleged to be in the business of selling the source code

4    Defendants allegedly copied.  In fact, consumers are not afforded the opportunity to view the source

5    code.  This is a critical flaw in Meishe's argument: there can be no consumer confusion about the

6    source of the goods—as required by the Lanham Act—when the relevant good is the source code.

7    Meishe's claim that it is both the producer of its source code ***and*** the author of the creative work

8    conveyed by the source code creates "a species of mutant copyright law that limits the public's

9    federal right to copy and to use expired copyrights."  *Dastar*, 539 U.S. at 34.

10          Thus, Meishe's claim should be dismissed for failure to state a cognizable Lanham Act

11   claim pursuant to *Dastar* and *Slep-Tone*.  *See Evox Prods. v. Verizon Media*, No. 20-cv-2852-CBM,

12   2020 WL 5894564, *3 n.7 (C.D. Cal. Aug. 19, 2020) ("Leave to amend would be futile because

13   Plaintiff cannot state a claim under the Lanham Act based on Defendants' alleged [conduct].")

14          **C.**      **Meishe's Trade Secret Claims (Counts II, III) Should Be Dismissed for Failure**
                         **to Identify Trade Secrets with Particularity**

15          Meishe has had years to properly plead its trade secret misappropriation claims.  It has

16   amended its Complaint three times and has received ***millions*** of lines over ***hundreds of thousands***

17   of pages of Defendants' code in discovery.  Yet Meishe still cannot describe its trade secrets with

18   adequate particularity in its pleadings.  Meishe's trade secrets claims—whether under TUTSA or

19   DTSA—should be dismissed.

20          Meishe has provided little more than generic descriptions of information as its alleged trade

21   secrets.  (*See*, *e.g.*, TAC ¶¶ 87 ("[O]wner of trade secrets that include, but are not limited to

22   proprietary, independently-developed software code that allows for video and audio editing, video

23   and audio processing, video and audio release, personalized audio and video recommendations,

24   webcasting, and other confidential business information."), 103 ("[I]nformation about which

25   portions of Meishe's software were most likely to be popular if incorporated into video editing

26   features in smart phone applications.")).  Meishe's Opposition points to those same generic

27   allegations and argues that the level of specificity is on par with the trade secrets identified in

28

1    *Inteliclear.*  (*See* Opp. 15 (citing *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 658

2    (9th Cir. 2020)).)

3            Meishe's contention is unsupported.  The plaintiff in *Inteliclear* had "specified the program

4    processes, tables, columns, and account identifiers from its SQL database that it considered trade

5    secrets" instead of relying on "catchall" phrases or "merely identifying categories of information."

6    *InteliClear,* 978 F.3d at 659.  Meishe's allegations provide no such specifics.  Instead, Meishe can

7    only describe software "that allows for video and audio editing," a generic phrase that does not

8    describe particular processes, methods, or code modules.  More importantly, Meishe's description,

9    unlike that in *Inteliclear*, does not "separate [Meishe's alleged trade secret] from matters of general

10   knowledge in the trade."  *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164–65 (9th Cir.

11   1998); (Mot. 12–14.).  Software "that allows for video and audio editing" has been available for

12   many decades.  Meishe's allegations provide no guidance to Defendants or the Court as to why or

13   how this "software" with broad and generic functionality can be a trade secret.

14           Meishe also argues that "the test" for Rule 12 is merely to see "whether the complaint's

15   level of detail … is sufficient to ascertain at least the boundaries [of the alleged trade secrets] …

16   and the scope of appropriate discovery."  (*See* Opp. 15–16 (citing *Cisco Sys. v. Wilson Chung*, 462

17   F. Supp. 3d 1024, 1049 (N.D. Cal. 2020).)[2]  But Meishe underestimates its pleading burden.  A

18   threshold pleading requirement for a plaintiff is that it "identify the trade secrets and carry the

19   burden of showing they exist."  *InteliClear,* 978 F.3d at 658; *Jobscience, Inc. v. CVPartners, Inc.*,

20   2014 WL 1724763, *2 (N.D. Cal. May 1, 2014) ("[A] trade secret plaintiff" should "be able to

21   identify, up front, and with specificity the particulars of the trade secrets without discovery."); *see*

22   *also Vest Safety Med. Servs., LLC v. Arbor Env't, LLC*, 2022 WL 2812195, *6 (S.D. Tex. June 17,

23   2022) (DTSA and TUTSA requirements are the same).  The pleading requirement goes beyond

24   pointing in the general direction of the subject matter of its alleged trade secrets.  Meishe must

25   provide, through some identification, a plausible claim that it has information that could qualify as

26   a trade secret under the law.  Meishe's general description in its TAC, however, only describes

27

28

[2] Meishe's Opposition argues that the West Texas court has already determined its trade secret identification as being sufficient.  Meishe's reliance on a "preliminary" discovery order is both improper and misguided.  (*See* Mot. 13–14.)

- 10 -

1    "matters of general knowledge in the trade." *Imax,* 152 F.3d at 1164–65.

2        After two years of litigation, full access to Defendants' source code, and repeated

3    representations that it found evidence to support its claims, Meishe still refuses to disclose basic,

4    fundamental aspects of its case: the alleged Meishe trade secrets at issue.  Meishe's trade secret

5    claims should be dismissed for failure to meet the basic pleading requirements. *See Taradata Corp.*

6    *v. SAP SE*, 2018 WL 6828009, *3 (N.D. Cal. Dec. 12, 2018).

7        **D.    Meishe's DTSA Claim (Count II) Is Not Actionable and Should Be Dismissed**

8        Meishe attempts to characterize its DTSA misappropriation claims as being based on at

9    least some domestic conduct by blurring the line between the alleged acts of misappropriation

10   (acquisition, use, and disclosure) and the acts ***following*** the alleged misappropriation.  (Opp. 14–

11   15.)  None of Meishe's arguments rebut the fact that the conduct that Meishe characterizes as the

12   alleged act of misappropriation occurred entirely outside the territory of the United States.

13       For example, Meishe argues that it "pled Defendants' misappropriation and acts in the

14   United States." (Opp. 15.)  To the contrary, the TAC makes the opposite allegation, stating that

15   the possible acts of misappropriation—acquisition (TAC ¶ 94), use, including the incorporation of

16   Meishe's purported trade secrets (*id*. ¶¶ 97, 105), and disclosure (*id*. ¶¶ 98, 99, 102, 103))—took

17   place in China. (Mot. 11–12.)  Meishe argues that Defendants knowingly offered for sale, sold,

18   and enabled the use of "products throughout the United States that embody Meishe's trade secrets"

19   throughout the U.S., and that this showed an act within the DTSA's territorial reach. (Opp. 15.)

20   But the sale or enabling of the use of the TikTok app is irrelevant to the analysis because it followed

21   ***after*** the alleged misappropriation had already occurred in China.  For the same reason, Meishe's

22   arguments that "millions" of individuals "use" the trade secrets in the U.S. is misplaced.

23       **E.    Meishe's TAC Should Be Dismissed with Prejudice**

24       Allowing Meishe a ***fourth*** do-over more than two years into this litigation—and after

25   Defendants have expended substantial resources defending against Meishe's as-pled claims—

26   would clearly prejudice Defendants.  Meishe's claims should be denied and any further request for

27   leave to amend should also be denied. *See Moore v. Kayport Package Express*, 885 F.2d 531, 538

28   (9th Cir. 1989) (factors justifying denial of leave to amend include "the presence … of undue delay,

- 11 -

1    bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue

2    prejudice to the opposing party, and futility of the proposed amendment"); *Foman v. Davis*, 371

3    U.S. 178, 182 (1962) (same).

4    **III.    CONCLUSION**

5          For the reasons above, the Court should dismiss Meishe's claims under Rule 12(b)(6)

6    without leave to amend.

7

8    Dated:    March 22, 2024                         WHITE & CASE LLP

9                                                     By:    */s/ Yar R. Chaikovsky*
                                                            Yar R. Chaikovsky
10                                                   WHITE & CASE LLP
                                                     Yar R. Chaikovsky (175421)
11                                                   yar.chaikovsky@whitecase.com
                                                     Philip Ou (259896)
12                                                   philip.ou@whitecase.com
                                                     David T. Okano (278485)
13                                                   david.okano@whitecase.com
                                                     Heather Burke (284100)
14                                                   heather.burke@whitecase.com
                                                     Radhesh Devendran (318517)
15                                                   radhesh.devendran.com
                                                     3000 El Camino Real
16                                                   2 Palo Alto Square, Suite 900
                                                     Palo Alto, CA  94306-2109
17                                                   Telephone:  (650) 213-0300
                                                     Facsimile:  (650) 213-8158
18

19                                                   WHITE & CASE LLP
                                                     Michael Songer
20                                                   michael.songer@whitecase.com
                                                     701 Thirteenth Street, NW
21                                                   Washington, DC 2005-3807
                                                     Telephone:  (202) 626-3600
22                                                   Facsimile:  (202) 639-9355

23
                                                     Andrew Zeve
24                                                   andrew.zeve@whitecase.com
                                                     Jeremy Dunbar
25                                                   jeremy.dunbar@whitecase.com
                                                     609 Main Street, Suite 2900
26                                                   Houston, Texas 77002
                                                     Telephone: (713) 496-9700
27                                                   Facsimile:  (713) 496-9701

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL HASTINGS LLP
 Andrea Roberts
andrearoberts@paulhastings.com
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:	1(650) 320-1800
Facsimile:	1(650) 320-1900


 Attorneys for TikTok Inc., TikTok Pte. Ltd.,
 ByteDance Ltd. and ByteDance Inc.

- 13 -