United States District Court
Northern District of California

1
2
3
4                         UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    BEIJING MEISHE NETWORK                      Case No. 23-cv-06012-SI
     TECHNOLOGY CO., LTD.,
8
                    Plaintiff,
9                                                ORDER LISTING QUESTIONS FOR
            v.                                   THE PARTIES TO ADDRESS AT THE
10                                               JULY 12, 2024 HEARING
     TIKTOK INC., et al.,
11
                    Defendants.
12

13          This case is set for a July 12, 2024 hearing on defendants' motion to dismiss plaintiff's fourth

14   amended complaint and defendants' motion to compel plaintiff to identify its trade secrets and stay

15   discovery in the interim.  The Court would like the parties to be prepared to address the following

16   questions at the July 12, 2024 hearing.

17

18      •   Is Meishe alleging that each line entry in Ex. O to the Fourth Amended Complaint ("FOAC")

19          is a trade secret that was misappropriated by defendants? Is Ex. O all of Meishe's source

20          code?

21      •   Is ¶ 150 of the FOAC, starting at "This source code includes . . ." a summary of the source

22          code identified in Exhibit O?

23      •   For the TUTSA choice of law dispute, neither party has adequately briefed whether CA or

24          TX law should apply under the most significant relationship test.  The parties should be

25          prepared to present short arguments about this at the hearing.

26      •   Do defendants have any legal authority in support of their argument that when alleging

27          striking similarity, a plaintiff must plausibly allege striking similarity as to each copyrighted

28          work?

United States District Court
Northern District of California

1    • In Ex. P to the FOAC, were app versions 1.5 and lower created while Mr. Xie was employed

2    by Meishe?

3    • Defendants' argument on page 8 of their motion to dismiss regarding the allegation in

4    ¶ 116 of the FOAC seems to assume that all of Meishe's Copyrighted Works alleged in the

5    FOAC are derivative works.  How can the Court conclude on a 12(b)(6) motion, where all

6    reasonable inferences must be drawn in favor of Meishe, that the Copyrighted Works are all

7    derivative works?

8    • For the DMCA claim, is Meishe alleging claims under § 1202(a) and (b) or only under

9    § 202(b)?

10    • In Dkt. No. 182, Ex. B the copyright holder for app1.5 is listed as Copyright China Digital

11    Video (Beijing) Limited.  Who is this?

12    • Why or why not should the Court adopt the reasoning in *Tremblay v. OpenAI, Inc.*, No. 23-

13    cv-3223-AMO, 2024 WL 557720 (N.D. Cal. Feb. 12, 2024) with respect to the §1202(b)

14    claim here?

15    • There is some case law from the district court level suggesting that a DMCA claim under

16    § 1202(b) requires that the original work and copy with CMI removed be identical.  How

17    does this apply in the context of source code?  Do the parties have any additional case law

18    they can point to regarding whether dismissal on this basis is appropriate?

19

20    **IT IS SO ORDERED**.

21 Dated: July 2, 2024

22 _____

23 SUSAN ILLSTON
United States District Judge

2