Judicate West
980 9th Street, Ste. 2200
Sacramento, CA 95814
Phone: 916 394-8490
Fax: 916 394-8495

Kendall J. Newman
Special Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>TIKTOK INC., et al.<br><br>Defendants | Case No. 23-cv-06012-SI<br>Judge Susan Illston<br><br>JW CASE NO.: A314886<br><br>**ORDER** OF THE SPECIAL MASTER REGARDING:<br><br>PLAINTIFF'S MOTION TO AMEND TEXAS PROTECTIVE ORDER (DKT. NOS. 401, 411, 413)<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION** OF THE SPECIAL MASTER REGARDING:<br><br>ASSOCIATED ADMINISTRATIVE SEALING MOTIONS (DKT. NOS. 400, 408, 412, 415) |

The undersigned Special Master issues the following Order addressing Plaintiff's Motion to Amend Texas Protective Order (Dkt. No. 401), Defendant's Opposition thereto (Dkt. No. 411), Plaintiff's Reply (Dkt. No. 413). The Special Master also issues the following Report and Recommendation regarding the associated administrative sealing motions at Docket Numbers

400, 408, 412, and 415. What follows is the Special Master's combined Order and Report and Recommendation.

## I. <u>ORDER APPOINTING SPECIAL MASTER</u>

On April 4, 2024, the Court entered an Order Appointing Hon. Kendall J. Newman, Ret. As Special Master And Referring Discovery Disputes ("Order Appointing Special Master"). (Dkt. No. 423.)

The Order Appointing Special Master provides that, "Pursuant to Rule 53(b)(2)(A), the Special Master shall assist the Court with all discovery disputes and managing the conduct of discovery to promote efficiency and savings of time and cost, and dealing with any other matters which the Court may direct him to undertake. The Special Master shall have the authority to set the date, time and place for all hearings, to preside over hearings, to take evidence, to conduct telephonic conferences to resolve disputes arising during depositions, and to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorneys' fees, as provided by Rules 37 and 45. . . ." (Dkt. No. 423 at 2-3.)

"Pursuant to Rule 53(e), the Special Master shall issue orders on motions presented to him which shall be final and not require the Court's signature, subject to the parties' right to file objections as described below. If the Special Master considers it advisable to make a Report to the Court, he shall do so in accordance with Rule 53(f)." (Dkt. No. 423 at 3-4.)

The Order Appointing Special Master also includes procedures for objections to the Special Master's orders, reports, and recommendations. "Pursuant to Rule 53(b)(2)(D) and 53(g), the procedures described in paragraphs 14 through 17 herein shall govern any action on the Special Master's orders, reports, and/or recommendations." (Dkt. No. 423 at 4.) "Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed the order, report, and/or recommendation via ECF. Any order issued by the Special Master shall remain in effect pending any such objection or motion." (*Id.* at 4.)

"Pursuant to Rule 53(g)(3)-(5), the Court shall review findings of fact made or

recommended by the Special Master for clear error. The Court shall review de novo any conclusions of law made or recommended by the Special Master. The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion." (*Id.* at 4.) "Pursuant to Rule 53(g)(1), in acting on an order, report, or recommendation of the Special Master, the Court shall afford the parties an opportunity to present their positions and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or reverse; resubmit to the Special Master with instructions; or make any further orders it deems appropriate." (*Id.* at 4.)

## II. <u>SPECIFIC DISCOVERY DISPUTES REFERRED TO SPECIAL MASTER</u>

The Order Appointing Special Master (Dkt. No. 423) referred "all pending and future discovery matters" to the Special Master, but it also specified several fully-briefed motions to be determined by the Special Master: "[t]he Court also REFERS all pending and future discovery matters to Judge Newman, Ret. for resolution, including Docket Nos. 401, 411 and 413, and the associated administrative sealing motions at Docket Nos. 400, 408, 412, 415." (*Id.* at 1.)

In the instant Order and Report and Recommendation, the Special Master addresses Docket Nos. 401, 411 and 413, and the associated administrative sealing motions at Docket Nos. 400, 408, 412, 415.

## III. <u>ORDER OF SPECIAL MASTER</u>

### A. <u>Plaintiff's Motion to Amend Texas Protective Order (Dkt. No. 401), Defendant's Opposition Thereto (Dkt. No. 411), Plaintiff's Reply (Dkt. No. 413)</u>

Plaintiff's Motion to Amend Texas Protective Order seeks the following relief: "(1) to increase the total allowable print volume pages of source code and remove the limit on allowable consecutive pages and (2) to allow Meishe's outside consultant Dr. Sam Malek to have access to Defendants' source code where Defendants base their objection to his access solely on the restriction under the Texas Protective Order entered in W.D. Texas that no more than three Outside Consultants may have access to the other party's source code." (Dkt. No. 401; Notice of Motion.)

By way of background, the Special Master first addressed the Motion to Amend Texas

Protective Order with the parties during an in-depth case management conference on May 28, 2024. During that conference, there was some discussion of a formal further hearing with a court reporter, and an argument that all discovery should be considered stayed until all pleadings challenges had been resolved. A few days later, on June 5, 2024, Defendants filed a Motion to Stay Discovery (Dkt. No. 440). While that motion remained pending with the Court, the Special Master refrained from making any determination regarding Plaintiff's Motion to Amend Texas Protective Order. On July 26, 2024, the Court issued an Order Denying Defendants' Motion to Stay Discovery (Dkt. No. 466).

A few days after July 26, 2024, the Special Master began to coordinate with counsel regarding their availability to appear before him. On August 16, 2024, counsel appeared for an informal discovery conference with the Special Master via Zoom. Defendants retained a court reporter, who attended and transcribed the conference.

During the informal discovery conference, counsel clearly articulated their positions and arguments and zealously represented their clients' interests. The Special Master informed counsel as to his inclinations regarding the relief requested Plaintiff's Motion to Amend Texas Protective Order. Upon learning the substance of that tentative ruling, counsel indicated that they were amenable to foregoing a further formal hearing regarding that Motion.

***1. Printing and Page Limits***

Plaintiff seeks to "amend the Texas Protective Order to include that the Receiving Party may request printouts of a cumulative total of one-thousand and one hundred (1,100) pages plus an additional five hundred (500) pages per produced source code version without the agreement of the Producing Party. Further, the limit for continuous pages should be removed completely." (Dkt. No. 401 at 14.)

For the reasons discussed on the record during the discovery conference on August 16, 2024, Plaintiff has not shown that any of the printing-limit or page-limit provisions of the Texas Protective Order should be amended at this time. Broad, blanket requests for "more" simply because the scope of the alleged misappropriation in this case has expanded since its outset is not sufficient.

The Special Master **ORDERS**[1] that Plaintiff's Motion to Amend Texas Protective Order is **DENIED IN PART, WITHOUT PREJUDICE** in connection with Plaintiff's request to increase the total allowable print volume pages of source code and remove the limit on allowable consecutive pages. Plaintiff shall use the procedures described in the Texas Protective Order when seeking to alter these or any other such limits, and if intervention by the Court or Referee becomes necessary during that process, Plaintiff shall make specific showings tailored to each specific set of additional pages Plaintiff believes to be warranted.

***2. Limit of Three Outside Consultants***

Plaintiff asks that "this Court should grant access to Defendants' source code material to Dr. Malek. In the alternative, if the Court determines that Plaintiff already has three Outside Consultants, Plaintiff requests the Court modify the Texas Protective Order to permit source code access by up to four (4) Outside Consultants." (Dkt. No. 401. At 14.)

For the reasons discussed on the record during the discovery conference on August 16, 2024, Plaintiff has shown that Mr. Kesden is not an Outside Consultant, such that Plaintiff remains within the limit of three "Outside Consultants" as provided under the Texas Protective Order in designating Dr. Sam Malek as its third Outside Consultant. Given this determination, Plaintiff need not show that the Texas Protective Order's current limitation of three "Outside Consultants" should be amended at this time.

During the conference, Defendants' attorney, Mr. David Okano, confirmed that Defendants would not object further to Mr. Malek being designated as Plaintiff's third Outside Consultant, given Plaintiff's counsel's statements on the record that Mr. Kesden would not be a testifying expert, and that Mr. Kesden's papers will be subject to discovery (except as to materials subject to privilege or work-product protections).

Therefore, based on the agreements of counsel on the record during the conference, the

[1] "Pursuant to Rule 53(e), the Special Master shall issue orders on motions presented to him which shall be final and not require the Court's signature, subject to the parties' right to file objections as described below. If the Special Master considers it advisable to make a Report to the Court, he shall do so in accordance with Rule 53(f)." (Dkt. No. 423 at 3-4.)

Special Master **ORDERS** that Plaintiff's Motion is **GRANTED IN PART** insofar as it seeks alternate relief in the form of a ruling that Plaintiff's expert, Dr. Sam Malek, is designated as Plaintiff's Third "Outside Consultant" who shall be granted access to Defendant's source code material, consistent with the terms of the Texas Protective Order as currently drafted. Inherent in this determination is the finding that Mr. Greg Kesden is not an "Outside Consultant" for Plaintiffs. That finding is based on representations during the conference, as well as Plaintiff's Reply papers that "Mr. Kesden will not provide expert testimony" at trial (Reply at 3), and Plaintiff's attorney Mr. Robert Harkins' confirmation on the record on August 16, 2024 that Mr. Greg Kesden will not testify at trial and that he acts only as a "direct report" to Dr. Shamos in this case.

Therefore, also as agreed to by counsel on the record during the conference, the Special Master **ORDERS** that discovery shall be permitted as to Greg Kesden's relevant papers insofar as they are not otherwise privileged or protected, such as protected by the work product doctrine.

## IV. REPORT AND RECOMMENDATION OF SPECIAL MASTER

### B. Plaintiff's Associated Administrative Sealing Motions (Dkt. Nos. 400 and 412) and Defendant's Statements In Support Thereof (Dkt. Nos. 408 and 415)

Under Local Rules 79-5(c)(1) and (f)(3), a party seeking to seal a document it has designated as confidential must "explain the interests that warrant sealing, the injury that will result if sealing is denied, and why a less restrictive alternative to sealing is not sufficient." (*Glob. Indus. Inv. Ltd. v. 1955 Cap. Fund. I GP*, 2023 WL 6165695, at *1 (N.D. Cal. Sept. 20, 2023) (citing CIV. L. R. 70-5). Generally, the party seeking to seal documents bears the burden of showing there is a "compelling reason" for documents to remain under seal. (*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).) But "the public has less of a need for access to court records attached to" motions that are "not related, or only tangentially related, to the underlying cause of action." (*Id.* at 1179.) Thus, when a party seeks to seal documents attached to a non-dispositive motion, the party need only meet the "lower 'good cause' standard of Rule 26(e) of the Federal Rules of Civil Procedure." (*1955 Cap. Fund.*, 2023 WL 6165695, at *1 (quoting *Kamakana*, 447 F.3d at 1179-80).)

Here, the Special Master has considered Plaintiff's Administrative Motion to File Under Seal in connection with the Motion to Amend Texas Protective Order, and a second similar motion filed in connection with the Reply supporting the Motion to Amend Texas Protective Order. (Dkt. Nos. 400 and 412.) The Special Master also has considered Defendants' Statements in Response thereto. (Dkt. Nos. 408 and 415.)

The Special Master **RECOMMENDS** that there is good cause to allow Plaintiff to file the requested portions under seal, such that the administrative sealing motions at Docket Nos. 400 and 412 should be **GRANTED**. Therefore, the two Proposed Orders submitted with Docket Numbers 408 and 415 should be signed by the Court.

## C. <u>SPECIAL MASTER'S FEE ALLOCATION</u>

The Order Appointing Special Master specifies how the Special Master's compensation is to be allocated in this matter. "Pursuant to Rule 53(b)(2)(E) and 53(h), the Special Master shall be compensated at an hourly rate to be set by Judge Newman, Ret. after consultation with the parties, plus the Administrative Fee charged by Judicate West, and shall be reimbursed for any out-of-pocket expenses (e.g., expenses for telephone conference calls). The Special Master shall not charge for travel time. Judge Newman, Ret. shall prepare a monthly invoice for his services, which he shall provide to counsel. Plaintiff and defendants shall each pay half of the monthly invoice, unless the Special Master or the Court directs otherwise. Counsel shall each be responsible for promptly forwarding payment of the Special Master's invoice." (Order Appointing Special Master at 3.)

Here, the Special Master has complied with this provision and has provided his monthly invoicing to counsel, reflecting the time necessary for the Special Master to address the issues herein, with the assistance of his research attorney.

Rule 53(g) provides further that "The court must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master."

Here, the Special Master **RECOMMENDS** that Plaintiff and Defendants shall each pay half of the Special Master's monthly invoice in connection with the instant Order and Report and Recommendation.

The Special Master will file a copy of this combined Order and Report and Recommendations with the Court and will promptly serve a copy on each party.[2]

## V. CONCLUSION

For these and all the foregoing reasons, the Special Master hereby **ORDERS** that:

1. Plaintiff's Motion to Amend Texas Protective Order (Dkt. No. 401) be **DENIED IN PART, WITHOUT PREJUDICE** as to Plaintiff's request to increase the total allowable print volume pages of source code and remove the limit on allowable consecutive pages.
    a. Plaintiff shall use the procedures described in the Texas Protective Order when seeking to alter these or any other such limits, and if intervention by the Court or Referee becomes necessary during that process, Plaintiff shall make specific showings tailored to each specific set of additional pages Plaintiff believes to be warranted.
2. Plaintiff's Motion to Amend Texas Protective Order (Dkt. No. 401) be **GRANTED IN PART**, insofar as it seeks alternate relief in the form of a ruling that Plaintiff's expert, Dr. Sam Malek, shall be considered Plaintiff's Third "Outside Consultant" who shall be granted access to Defendant's source code material, consistent with the terms of the Texas Protective Order as currently drafted.

---

[2] (Fed. Rule Civ. Proc. § 53(d)-(e) ("A master who issues an order must file it and promptly serve a copy on each party. The clerk must enter the order on the docket.") and ("A master must report to the court as required by the appointing order. The master must file the report and promptly serve a copy on each party, unless the court orders otherwise.").)

a. Mr. Greg Kesden is not an "Outside Consultant" for Plaintiffs, based on Plaintiff's counsel's representation on the record that Mr. Kesden will not testify at trial.

i. Discovery shall be permitted as to Greg Kesden's relevant papers insofar as they are not otherwise privileged or protected, such as protected by the work product doctrine.

Further, for all the foregoing reasons, the Special Master hereby **RECOMMENDS** that:

3. The administrative sealing motions at Docket Nos. 400 and 412 should be **GRANTED**, such that the two Proposed Orders submitted with Docket Numbers 408 and 415 should be signed by the Court.

4. Plaintiff and Defendants shall each pay half of the Special Master's monthly invoice in connection with the instant Report and Recommendation.

IT IS SO ORDERED AND RECOMMENDED.

Dated: 8/22/24

Kendall J. Newman
Honorable Kendall J. Newman (Ret.)
Special Master

**ORDER**

The Special Master's combined Order and Report and Recommendation is adopted as the Order of the Court, except as stated below:

Dated: ________________

______________________________
Honorable Susan Illston
United States District Judge