Judicate West
980 9th Street, Ste. 2200
Sacramento, CA 95814
Phone: 916 394-8490
Fax: 916 394-8495

Kendall J. Newman
Special Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> TIKTOK INC., et al. <br><br> Defendants. | Case No. 23-cv-06012-SI <br> Judge Susan Illston <br><br> JW CASE NO.: A314886 <br><br> SPECIAL MASTER'S ORDER[1] SETTING BRIEFING SCHEDULE AND HEARING DATE FOR DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO FURTHER IDENTIFY TRADE SECRETS |

The undersigned Special Master issues the following Order setting a briefing schedule and hearing date to address an additional discovery dispute. Defendants seek to move to compel Plaintiff to identify trade secrets with more specificity.

Defendants raised this dispute via email to the Special Master on December 11, 2024.[2] In his email, defense counsel Andrew Zeve frames the dispute as follows: "Defendants contend that

---

[1] "Pursuant to Rule 53(e), the Special Master shall issue orders on motions presented to him which shall be final and not require the Court's signature, subject to the parties' right to file objections as described below. If the Special Master considers it advisable to make a Report to the Court, he shall do so in accordance with Rule 53(f)." Dkt. No. 423 at 3-4.

[2] Previously, the Special Master required the parties to file a Joint Statement before their Informal Discovery Conference on November 6, 2024. The parties complied, filing a Joint Statement that listed a total of ten current

1

Meishe has not adequately identified its trade secrets in response to Defendants' discovery requests. During the parties' status conference before Judge Illston last week, Defendants mentioned this issue and Judge Illston confirmed that it should be raised with you. The parties have exchanged written correspondence and discussed the matter via videoconference, but we are at an impasse. Defendants believe an appropriate briefing schedule would include 15-page opening and opposition briefs, with an 8-page reply brief." On December 12, 2024, Plaintiff's counsel Robert Harkins replied to Mr. Zeve's email, taking issue with its use of the phrase "should be raised."

In any event, on December 13, 2024, the Special Master and the parties discussed this dispute at the end of a hearing on another matter. Plaintiff's counsel confirmed on the record that Plaintiff was amenable to the filing of a motion and to the page limits proposed in Mr. Zeve's email. Defense counsel confirmed on the record that Defendants could file moving papers as soon as Friday, December 20, 2024.

### a. Further Meet-and-Confer Requirement Between Opposition and Reply

All motions set for hearing before the Special Master herein shall have briefing schedules with additional time built in for required further meaningful meet and confer between the filing of the Opposition and the Reply. Specifically, after any Opposition is filed, the Reply shall be filed between 10 and 14 days thereafter. This additional time is designed to permit the parties one more opportunity to genuinely meet and confer in good faith to resolve some or all of their disputes. The Reply shall include a portion specifically describing what meet-and-confer efforts occurred between the filing of the Opposition and the filing of the Reply. The Reply shall also itemize what portions of the originally-briefed dispute have been resolved or narrowed through the further meet-and-confer, and which portions remain in dispute and require the Special Master's attention.

---

discovery disputes requiring hearings. The Special Master has set hearing dates for those ten listed disputes through January 31, 2025. Dkt. No. 511. The dispute described in Mr. Zeve's email of December 11, 2024, was not included in the parties' Joint Statement, so it is being addressed separately through this Order.

The Special Master directs that the further meet-and-confer efforts shall occur through virtual meetings (i.e., Zoom), or in person, or by phone if absolutely necessary – but in no instance may such effort occur solely via email or letter. Failure to adequately or genuinely meet and confer may impact the recommended fee allocation and/or may, in extreme cases, warrant a recommendation of sanctions.

b. **Hearing Dates**

The Special Master hereby sets a hearing date for the dispute described above herein, which, continuing in order of the letters assigned to each dispute, **may also be referred to as "Issue K."** The hearing shall occur virtually via Zoom at **8:30 a.m. on Thursday, February 6, 2025.**

As the parties are aware, the Court has set the non-expert discovery cutoff deadline as March 7, 2025. (Dkt. No. 492.) Expert designations are set for March 28, 2025. (*Id*.) The Special Master sets the briefing schedule and hearing dates with these deadlines in mind.

As the Special Master emphasized during the previous IDC, hearing dates for discovery motions should be considered firm for counsel but may be somewhat flexible for the Special Master. In other words, depending on the complexity of the issues presented in the briefing and the Special Master's other time commitments, the Special Master may *sua sponte* continue a given motion to a future hearing date. Given the number of attorneys appearing in this action to date, the Special Master is confident that despite busy schedules, at least one attorney for each party will be able to appear at each of the hearing dates set herein.

c. **Briefing Schedule and Page Limits for "Issue K"**

The briefing schedule, page limits, and hearing date for "Issue K" is set out below. The Special Master imposes the page limits Mr. Zeve proposed in his email of December 11, 2024, namely: "15-page opening and opposition briefs, with an 8-page reply brief."

- Defendants' opening brief: **December 27, 2024**
- Plaintiffs' opposition brief: **January 10, 2025**
- Further meet and confer period: **January 11-19, 2025**
- Defendants' reply brief: **January 20, 2025**

3

- Hearing: **February 6, 2025, at 8:30 a.m**. via Zoom

As discussed during the previous IDC, the Special Master trusts and expects that at least some portion of the parties' discovery disputes will be capable of resolution through counsel's good faith meet-and-confer efforts. Counsel should endeavor to inform the Special Master as soon as reasonably possible regarding the resolution of any particular dispute.

**ORDER APPOINTING SPECIAL MASTER**

On April 4, 2024, the Court entered an Order Appointing Hon. Kendall J. Newman, Ret. As Special Master And Referring Discovery Disputes ("Order Appointing Special Master"). Dkt. No. 423.

The Order Appointing Special Master provides that, "Pursuant to Rule 53(b)(2)(A), the Special Master shall assist the Court with all discovery disputes and managing the conduct of discovery to promote efficiency and savings of time and cost, and dealing with any other matters which the Court may direct him to undertake. The Special Master shall have the authority to set the date, time and place for all hearings, to preside over hearings, to take evidence, to conduct telephonic conferences to resolve disputes arising during depositions, and to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorneys' fees, as provided by Rules 37 and 45. . . ." Dkt. No. 423 at 2-3.

"Pursuant to Rule 53(e), the Special Master shall issue orders on motions presented to him which shall be final and not require the Court's signature, subject to the parties' right to file objections as described below. If the Special Master considers it advisable to make a Report to the Court, he shall do so in accordance with Rule 53(f)." Dkt. No. 423 at 3-4.

The Order Appointing Special Master also includes procedures for objections to the Special Master's orders, reports, and recommendations. "Pursuant to Rule 53(b)(2)(D) and 53(g), the procedures described in paragraphs 14 through 17 herein shall govern any action on the Special Master's orders, reports, and/or recommendations." Dkt. No. 423 at 4. "Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed the order, report, and/or recommendation via ECF. Any order

issued by the Special Master shall remain in effect pending any such objection or motion." *Id.* at 4.

"Pursuant to Rule 53(g)(3)-(5), the Court shall review findings of fact made or recommended by the Special Master for clear error. The Court shall review de novo any conclusions of law made or recommended by the Special Master. The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion." *Id.* at 4. "Pursuant to Rule 53(g)(1), in acting on an order, report, or recommendation of the Special Master, the Court shall afford the parties an opportunity to present their positions and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or reverse; resubmit to the Special Master with instructions; or make any further orders it deems appropriate." *Id.* at 4.

**SPECIAL MASTER'S FEE ALLOCATION**

The Order Appointing Special Master specifies how the Special Master's compensation is to be allocated in this matter. "Pursuant to Rule 53(b)(2)(E) and 53(h), the Special Master shall be compensated at an hourly rate to be set by Judge Newman, Ret. after consultation with the parties, plus the Administrative Fee charged by Judicate West, and shall be reimbursed for any out-of-pocket expenses (e.g., expenses for telephone conference calls). The Special Master shall not charge for travel time. Judge Newman, Ret. shall prepare a monthly invoice for his services, which he shall provide to counsel. Plaintiff and defendants shall each pay half of the monthly invoice, unless the Special Master or the Court directs otherwise. Counsel shall each be responsible for promptly forwarding payment of the Special Master's invoice." Dkt. No. 423 at 3 (Order Appointing Special Master).

Here, the Special Master has complied with this provision and has provided his monthly invoicing to counsel, reflecting the time necessary for the Special Master to address the issues herein, with the assistance of his research attorney.

Rule 53(g) provides further that "The court must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master."

Here, the Special Master finds that Plaintiff and Defendants shall each pay half of the Special Master's monthly invoice in connection with the instant Order.

The Special Master will file a copy of this Order with the Court, whereupon the Order will also be served electronically on all parties.[3]

**CONCLUSION**

For these and all the foregoing reasons, the Special Master hereby **ORDERS** that:

1. The parties shall comply with the briefing schedule and hearing dates for Defendants' motion to compel Plaintiff to identify trade secrets with more specificity ("Issue K") as follows:
    a. Defendants' opening brief: **December 27, 2024**
    b. Plaintiffs' opposition brief: **January 10, 2025**
    c. Further meet and confer period: **January 11-19, 2025**
    d. Defendants' reply brief: **January 20, 2025**
    e. **Hearing: February 6, 2025, at 8:30 a.m.** via Zoom
2. The page limits for the briefing shall be as follows: **15-page** opening and opposition briefs, with an **8-page** reply brief.
3. Further meet-and-confer efforts shall be undertaken between the filing of the Opposition and Reply papers.
    a. The further meet-and-confer effort shall occur through virtual meetings (i.e., Zoom), or in person, or by phone if absolutely necessary – but in no instance may such effort occur solely via email or letter.
    b. The Reply shall include a portion specifically describing what meet-and-confer efforts occurred between the filing of the Opposition and the filing of the Reply. The Reply shall also itemize what portions of the

---

[3] Fed. Rule Civ. Proc. § 53(d)-(e) ("A master who issues an order must file it and promptly serve a copy on each party. The clerk must enter the order on the docket.") and ("A master must report to the court as required by the appointing order. The master must file the report and promptly serve a copy on each party, unless the court orders otherwise.").

6

originally-briefed dispute have been resolved or narrowed through the further meet-and-confer, and which portions remain in dispute and require the Special Master's attention.

4. Failure to adequately or genuinely meet and confer may impact the recommended fee allocation and/or may, in extreme cases, warrant a recommendation of sanctions.

5. Plaintiff and Defendants shall each pay half of the Special Master's monthly invoice in connection with the instant Order.

IT IS SO ORDERED.

Dated: December 16, 2024

_____
Honorable Kendall J. Newman (Ret.)
Special Master