Judicate West
980 9th Street, Ste. 2200
Sacramento, CA 95814
Phone: 916 394-8490
Fax: 916 394-8495

Kendall J. Newman
Special Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>TIKTOK INC., et al.<br><br>Defendants. | Case No. 23-cv-06012-SI<br>Judge Susan Illston<br><br>JW CASE NO.:   A314886<br><br>SPECIAL MASTER'S ORDER[1] REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY OF OTHER ACCUSED SOFTWARE ["ISSUES A AND B"] AND PLAINTIFF'S MOTION RE: SOURCE CODE PRINTING DISPUTE PROCEDURE ["ISSUE C"] |

The undersigned Special Master issues the following Order regarding Plaintiff Beijing Meishe Network Technology, Co., Ltd.'s (Plaintiff) Motion to Compel Discovery of Other Accused Software [Issues A and B] and Plaintiff's Motion Re: Source Code Printing Dispute Procedure [Issue C].

---

[1] "Pursuant to Rule 53(e), the Special Master shall issue orders on motions presented to him which shall be final and not require the Court's signature, subject to the parties' right to file objections as described below. If the Special Master considers it advisable to make a Report to the Court, he shall do so in accordance with Rule 53(f)." Dkt. No. 423 at 3-4.

All three motions – i.e., those addressing Issues A, B, and C – were set to be heard by the Special Master on January 10, 2025.[2]  Dkt. No. 511.

However, all three motions are hereby DENIED AS MOOT.  Through email correspondence on November 18, 2024 [re: Issue C] and January 9, 2025 [re: Issues A-B], counsel asked that the hearing date of January 10, 2025, be vacated because the disputes had been resolved.

The Special Master commends the parties and their attorneys for resolving these disputes through professionalism, civility, and good faith meet-and-confer efforts.[3]

**ORDER APPOINTING SPECIAL MASTER**

On April 4, 2024, the Court entered an Order Appointing Hon. Kendall J. Newman, Ret. As Special Master And Referring Discovery Disputes ("Order Appointing Special Master"). Dkt. No. 423.

The Order Appointing Special Master provides that, "Pursuant to Rule 53(b)(2)(A), the Special Master shall assist the Court with all discovery disputes and managing the conduct of discovery to promote efficiency and savings of time and cost, and dealing with any other matters which the Court may direct him to undertake. The Special Master shall have the authority to set the date, time and place for all hearings, to preside over hearings, to take evidence, to conduct telephonic conferences to resolve disputes arising during depositions, and to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorneys' fees, as provided by Rules 37 and 45. . . ." Dkt. No. 423 at 2-3.

"Pursuant to Rule 53(e), the Special Master shall issue orders on motions presented to him which shall be final and not require the Court's signature, subject to the parties' right to file objections as described below. If the Special Master considers it advisable to make a Report to

---

[2] Previously, the Special Master required the parties to file a Joint Statement before their Informal Discovery Conference on November 6, 2024. The parties complied, filing a Joint Statement that listed a total of ten current discovery disputes requiring hearings. The Special Master set hearing dates for those ten listed disputes through January 31, 2025. Dkt. No. 511.

[3] The Court has set the non-expert discovery cutoff deadline as March 7, 2025.  Dkt. No. 492.  Expert designations are set for March 28, 2025.  *Id*.

the Court, he shall do so in accordance with Rule 53(f)." Dkt. No. 423 at 3-4.

The Order Appointing Special Master also includes procedures for objections to the Special Master's orders, reports, and recommendations. "Pursuant to Rule 53(b)(2)(D) and 53(g), the procedures described in paragraphs 14 through 17 herein shall govern any action on the Special Master's orders, reports, and/or recommendations." Dkt. No. 423 at 4. "Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed the order, report, and/or recommendation via ECF. Any order issued by the Special Master shall remain in effect pending any such objection or motion." *Id.* at 4.

"Pursuant to Rule 53(g)(3)-(5), the Court shall review findings of fact made or recommended by the Special Master for clear error. The Court shall review de novo any conclusions of law made or recommended by the Special Master. The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion." *Id.* at 4. "Pursuant to Rule 53(g)(1), in acting on an order, report, or recommendation of the Special Master, the Court shall afford the parties an opportunity to present their positions and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or reverse; resubmit to the Special Master with instructions; or make any further orders it deems appropriate." *Id.* at 4.

**SPECIAL MASTER'S FEE ALLOCATION**

The Order Appointing Special Master specifies how the Special Master's compensation is to be allocated in this matter. "Pursuant to Rule 53(b)(2)(E) and 53(h), the Special Master shall be compensated at an hourly rate to be set by Judge Newman, Ret. after consultation with the parties, plus the Administrative Fee charged by Judicate West, and shall be reimbursed for any out-of-pocket expenses (e.g., expenses for telephone conference calls). The Special Master shall not charge for travel time. Judge Newman, Ret. shall prepare a monthly invoice for his services, which he shall provide to counsel. Plaintiff and defendants shall each pay half of the monthly invoice, unless the Special Master or the Court directs otherwise. Counsel shall each be

3

responsible for promptly forwarding payment of the Special Master's invoice." Dkt. No. 423 at 3 (Order Appointing Special Master).

Here, the Special Master has complied with this provision and has provided his monthly invoicing to counsel, reflecting the time necessary for the Special Master to address the issues herein, with the assistance of his research attorney.

Rule 53(g) provides further that "The court must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master."

Here, the Special Master finds that Plaintiff and Defendants shall each pay half of the Special Master's monthly invoice in connection with the instant Order.

The Special Master will file a copy of this Order with the Court, whereupon the Order will also be served electronically on all parties.[4]

**CONCLUSION**

For these and all the foregoing reasons, the Special Master hereby **ORDERS** that:

1. Plaintiff's Motion to Compel Discovery of Other Accused Software [Issues A and B] is DENIED as moot.
2. Plaintiff's Motion Re: Source Code Printing Dispute Procedure [Issue C] is DENIED as moot.
3. Plaintiff and Defendants shall each pay half of the Special Master's monthly invoice in connection with the instant Order.

IT IS SO ORDERED.

Dated: 1/13/2025

_Kendall J. Newman_
Honorable Kendall J. Newman (Ret.)
Special Master

---

[4] Fed. Rule Civ. Proc. § 53(d)-(e) ("A master who issues an order must file it and promptly serve a copy on each party. The clerk must enter the order on the docket.") and ("A master must report to the court as required by the appointing order. The master must file the report and promptly serve a copy on each party, unless the court orders otherwise.").