Judicate West
980 9th Street, Ste. 2200
Sacramento, CA 95814
Phone: 916 394-8490
Fax: 916 394-8495

Kendall J. Newman
Special Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> TIKTOK INC., et al. <br><br> Defendants. | Case No. 23-cv-06012-SI <br> Judge Susan Illston <br><br> JW CASE NO.:  A314886 <br><br> SPECIAL MASTER'S ORDER[1] UPDATING COMPLIANCE DEADLINE STATED IN HIS ORDERS RE: ISSUES F, G, AND H [DKT. NOS. 531, 532, AND 533] |

The undersigned Special Master issues the following Order extending the deadline for compliance stated in his three separate Orders re: Issues F, G, and H (Dkt. Nos. 531, 532, and 533).

On February 6, 2025, counsel appeared before the undersigned for a hearing regarding two discovery matters.[2] During the hearing, Plaintiff's counsel Mr. Woods explained having had

---

[1] "Pursuant to Rule 53(e), the Special Master shall issue orders on motions presented to him which shall be final and not require the Court's signature, subject to the parties' right to file objections as described below. If the Special Master considers it advisable to make a Report to the Court, he shall do so in accordance with Rule 53(f)." Dkt. No. 423 at 3-4.

[2] The Court originally set the non-expert discovery cutoff deadline as March 7, 2025, with expert designations originally set for March 28, 2025. Dkt. No. 492. On February 3, 2025, the Court approved the parties' Joint

some difficulty in obtaining the required substantive information from his overseas clients within the timeframe ordered, given the timing of the recent Chinese New Year holiday.  In response, Defense counsel Mr. Okano expressed Defendants' concerns that this may signal a pattern of delay that might prejudice his clients.

As stated on the record during the hearing, the undersigned will permit the additional time requested by Mr. Woods.  The new deadline for Plaintiff's compliance Orders re: Issues F, G, and H (Dkt. Nos. 531, 532, and 533) shall be **February 19, 2025.**  The undersigned trusts and expects that Plaintiff's thorough substantive responses will be provided by this updated deadline.  With the impending fact discovery cutoff, the undersigned assumes the parties will work diligently to comply with all ordered deadlines and not seek further extensions from the Special Master absent extraordinary circumstances.

I. **ORDER APPOINTING SPECIAL MASTER**

On April 4, 2024, the Court entered an Order Appointing Hon. Kendall J. Newman, Ret. As Special Master And Referring Discovery Disputes ("Order Appointing Special Master").  Dkt. No. 423.

The Order Appointing Special Master provides that, "Pursuant to Rule 53(b)(2)(A), the Special Master shall assist the Court with all discovery disputes and managing the conduct of discovery to promote efficiency and savings of time and cost, and dealing with any other matters which the Court may direct him to undertake. The Special Master shall have the authority to set the date, time and place for all hearings, to preside over hearings, to take evidence, to conduct telephonic conferences to resolve disputes arising during depositions, and to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorneys' fees, as provided by Rules 37 and 45. . . ."  Dkt. No. 423 at 2-3.

"Pursuant to Rule 53(e), the Special Master shall issue orders on motions presented to him which shall be final and not require the Court's signature, subject to the parties' right to file

---

Stipulation re Schedule, extending the non-expert discovery cutoff deadline to March 28, 2025, and setting expert designations for April 18, 2025.  Dkt. No. 536.  The expert discovery cutoff remains June 13, 2025.  *Id.*

objections as described below. If the Special Master considers it advisable to make a Report to the Court, he shall do so in accordance with Rule 53(f)." Dkt. No. 423 at 3-4.

The Order Appointing Special Master includes procedures for objections to the Special Master's orders, reports, and recommendations. "Pursuant to Rule 53(b)(2)(D) and 53(g), the procedures described in paragraphs 14 through 17 herein shall govern any action on the Special Master's orders, reports, and/or recommendations." Dkt. No. 423 at 4. "Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed the order, report, and/or recommendation via ECF. Any order issued by the Special Master shall remain in effect pending any such objection or motion." *Id.* at 4.

"Pursuant to Rule 53(g)(3)-(5), the Court shall review findings of fact made or recommended by the Special Master for clear error. The Court shall review de novo any conclusions of law made or recommended by the Special Master. The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion." *Id.* at 4. "Pursuant to Rule 53(g)(1), in acting on an order, report, or recommendation of the Special Master, the Court shall afford the parties an opportunity to present their positions and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or reverse; resubmit to the Special Master with instructions; or make any further orders it deems appropriate." *Id.* at 4.

## II.     SPECIAL MASTER'S FEE ALLOCATION

The Order Appointing Special Master specifies how the Special Master's compensation is to be allocated in this matter. "Pursuant to Rule 53(b)(2)(E) and 53(h), the Special Master shall be compensated at an hourly rate to be set by Judge Newman, Ret. after consultation with the parties, plus the Administrative Fee charged by Judicate West, and shall be reimbursed for any out-of-pocket expenses (e.g., expenses for telephone conference calls). The Special Master shall not charge for travel time. Judge Newman, Ret. shall prepare a monthly invoice for his services, which he shall provide to counsel. Plaintiff and defendants shall each pay half of the monthly invoice, unless the Special Master or the Court directs otherwise. Counsel shall each be

responsible for promptly forwarding payment of the Special Master's invoice." Dkt. No. 423 at 3 (Order Appointing Special Master).

Here, the Special Master has complied with this provision and has provided his monthly invoicing to counsel, reflecting the time necessary for the Special Master to address the issues herein, with the assistance of his research attorney.

Rule 53(g) provides further that "The court must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master."

Here, the Special Master finds that Plaintiff and Defendants shall each pay half of the Special Master's monthly invoice in connection with the instant Order.

The Special Master will file a copy of this Order with the Court, whereupon the Order will also be served electronically on all parties.[3]

### III. CONCLUSION

For these and all the foregoing reasons, the Special Master hereby **ORDERS** that:

1. Good cause appearing, for the reasons stated on the record during the hearing on February 6, 2025, Plaintiff's compliance deadline of "14 calendar days from the date the Special Master files this Order with the Court" referred to in the Conclusions of the Special Master's Orders re: Issues F, G, H (Dkt. Nos. 531, 532, and 533) is hereby extended to **February 19, 2025**.
2. Plaintiff and Defendants shall each pay half of the Special Master's monthly invoice in connection with the instant Order.

IT IS SO ORDERED.

Dated: February 7, 2025

_____
Honorable Kendall J. Newman (Ret.)
Special Master

---

[3] Fed. R. Civ. Proc. § 53(d)-(e) ("A master who issues an order must file it and promptly serve a copy on each party. The clerk must enter the order on the docket.") and ("A master must report to the court as required by the appointing order. The master must file the report and promptly serve a copy on each party, unless the court orders otherwise.").