WHITE & CASE LLP
Yar R. Chaikovsky (175421)
yar.chaikovsky@whitecase.com
Philip Ou (259896)
philip.ou@whitecase.com
David T. Okano (278485)
david.okano@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

Additional Counsel listed on Signature page

*Attorneys for TikTok Inc., TikTok Pte. Ltd., ByteDance Ltd., and ByteDance Inc.*

COVINGTON & BURLING LLP
John E. Hall (118877)
jhall@cov.com
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Kathryn E. Cahoy (298777)
kcahoy@cov.com
Kurt G. Calia (214300)
kcalia@cov.com
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., and BYTEDANCE INC., <br><br> Defendants. | Case No. 3:23-cv-06012-SI <br><br> **DECLARATION OF NOREEN YEH IN SUPPORT OF JOINT OMNIBUS MOTION TO SEAL IN CONNECTION WITH DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

DECL. OF NOREEN YEH ISO JOINT OMNIBUS
MOT. RE: DEFS' MOT. FOR SUMM. J.

CASE NO. 3:23-cv-06012-SI

I, Noreen Yeh, declare as follows:

1. I am an eDiscovery Analyst at TikTok Inc. I submit this declaration in support of Defendants' request to seal the documents described below. I am familiar with these materials, and if called as a witness, I could and would competently testify to the facts below.

2. TikTok is an online entertainment platform that is provided in the United States by TikTok Inc. Defendants are part of the ByteDance group, with Defendants TikTok Inc., TikTok Pte. Ltd., and ByteDance Inc. indirectly owned by Defendant ByteDance Ltd. ByteDance Ltd. is a privately held company.

3. I understand that the Parties agreed to a Protective Order in this case that was signed by the Court on June 21, 2022. Defendants produced documents that were designated as "Confidential – Outside Attorneys' Eyes Only" or "Highly Confidential – Source Code" pursuant to this Protective Order. The Protective Order says that these two categories were for documents believed not to be "generally known to others" and that have "significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury." "Confidential – Outside Attorneys' Eyes Only" ("OAEO") documents include those with "information that constitutes proprietary financial or technical or commercially sensitive competitive information." "Highly Confidential – Source Code" ("HCSC") documents include those with "computer source code," including "summaries" of code. Both OAEO and HCSC information are present in the documents described below.

4. The redacted material Defendants move to seal generally falls into one of the following categories: (1) non-public financial information, and (2) competitively sensitive information about business operations. All of this information is highly confidential. To the best of my knowledge, none of this material has been publicly disclosed.

5. ByteDance Ltd. and its subsidiaries are privately held companies that do not publicly disclose their financial information. Defendants' revenue figures and other financial information is highly sensitive, and if publicly disclosed, could put them at unfair disadvantage in future business negotiations and harm their existing relationships with business partners and advertisers. Analysis of this confidential business information might also give a competitor or a potential business partner unfair leverage in competing against or negotiating with Defendants.

1

6. Defendants' non-public business operations are also competitively sensitive information that could not be disclosed without prejudicing their competitive position. Defendants' operations, including how ByteDance Ltd.'s operating companies conduct business, reflect Defendants' confidential business strategies. While certain high-level information about Defendants' operations may be publicly available, to the best of my knowledge the specific details discussed in the documents below are not.

| Document | Excerpt | Sealing Justification |
|---|---|---|
| Defendants' Motion for Summary Judgment<br><br>Dkt. 644-19 (Dkt. 608) | 22:19-20 – Business operations regarding source code | This quotation is from a document that was previously filed under seal at ECF No. 58-3. Compelling reasons exist to keep this information under seal because it refers to confidential information about business operations related to the Defendants' source code. That information is proprietary and confidential information designated under the Protective Order as "Confidential – Outside Attorneys' Eyes Only." |
| Expert Report of Dr. Jonathan D. Putnam, Ex. 5.1<br><br>Dkt. 722-1 (Ex. 16), originally filed as Dkt. 646-18 (Dkt. 647-17) | Entire document – Revenue and related sensitive financial information | Compelling reasons exist to seal this document because this exhibit contains confidential information about Defendants' revenues and finances. That information is proprietary and confidential information designated under the Protective Order as "Confidential – Outside Attorneys' Eyes Only." |

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 22, 2025.

_____
Noreen Yeh

2

DECL. OF NOREEN YEH ISO JOINT OMNIBUS
MOT. RE: DEFS' MOT. FOR SUMM. J.

CASE NO. 3:23-cv-06012-SI