| | |
|---|---|
| WHITE & CASE LLP<br>Yar R. Chaikovsky (175421)<br>yar.chaikovsky@whitecase.com<br>Philip Ou (259896)<br>philip.ou@whitecase.com<br>David T. Okano (278485)<br>david.okano@whitecase.com<br>3000 El Camino Real<br>2 Palo Alto Square, Suite 900<br>Palo Alto, CA 94306-2109<br>Telephone: (650) 213-0300<br>Facsimile: (650) 213-8158<br><br>Additional Counsel listed on Signature page<br><br>*Attorneys for TikTok Inc., TikTok Pte. Ltd., ByteDance Ltd., and ByteDance Inc.* | COVINGTON & BURLING LLP<br>John E. Hall (118877)<br>jhall@cov.com<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone: (415) 591-6000<br>Facsimile: (415) 591-6091<br><br>Kathryn E. Cahoy (298777)<br>kcahoy@cov.com<br>Kurt G. Calia (214300)<br>kcalia@cov.com<br>3000 El Camino Real, 10th Floor<br>5 Palo Alto Square<br>Palo Alto, California 94306-2112<br>Telephone: (650) 632-4700<br>Facsimile: (650) 632-4800 |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., and BYTEDANCE INC.,<br><br>Defendants. | Case No. 3:23-cv-06012-SI<br><br>**DECLARATION OF NOREEN YEH IN SUPPORT OF JOINT OMNIBUS MOTION TO SEAL IN CONNECTION WITH PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

DECL. OF NOREEN YEH ISO JOINT OMNIBUS MOT. RE: PLAINTIFF'S MOT. FOR SUMM. J.

CASE NO. 3:23-cv-06012-SI

I, Noreen Yeh, declare as follows:

1. I am an eDiscovery Analyst at TikTok Inc. I submit this declaration in support of Defendants' request to seal the documents described below. I am familiar with these materials, and if called as a witness, I could and would competently testify to the facts below.

2. TikTok is an online entertainment platform that is provided in the United States by TikTok Inc. Defendants are part of the ByteDance group, with Defendants TikTok Inc., TikTok Pte. Ltd., and ByteDance Inc. indirectly owned by Defendant ByteDance Ltd. ByteDance Ltd. is a privately held company.

3. I understand that the Parties agreed to a Protective Order in this case that was signed by the Court on June 21, 2022. Defendants produced documents that were designated as "Confidential – Outside Attorneys' Eyes Only" or "Highly Confidential – Source Code" pursuant to this Protective Order. The Protective Order says that these two categories were for documents believed not to be "generally known to others" and that have "significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury." "Confidential – Outside Attorneys' Eyes Only" ("OAEO") documents include those with "information that constitutes proprietary financial or technical or commercially sensitive competitive information." "Highly Confidential – Source Code" ("HCSC") documents include those with "computer source code," including "summaries" of code. Both OAEO and HCSC information are present in the documents described below.

4. The redacted material Defendants move to seal generally falls into one of the following categories: (1) source code excerpts or descriptions; (2) non-public financial information; and (3) competitively sensitive information about business operations. All of this information is highly confidential. To the best of my knowledge, none of this material has been publicly disclosed.

5. Disclosure of Defendants' source code would seriously harm their competitive position. The TikTok platform operates in a highly competitive market in which developers of rival platforms could use even isolated descriptions of source code to gain insight into Defendants' intellectual property. These competitors could then use this information to alter their business strategies, reallocate resources, and emulate features that Defendants have painstakingly developed for the TikTok platform.

1

DECL. OF NOREEN YEH ISO JOINT OMNIBUS
MOT. RE: PLAINTIFF'S MOT. FOR SUMM. J.

CASE NO. 3:23-cv-06012-SI

1  6. ByteDance Ltd. and its subsidiaries are privately held companies that do not publicly disclose their financial information. Defendants' revenue figures and other financial information is highly sensitive, and if publicly disclosed, could put them at unfair disadvantage in future business negotiations and harm their existing relationships with business partners and advertisers. Analysis of this confidential business information might also give a competitor or a potential business partner unfair leverage in competing against or negotiating with Defendants.

7. Defendants' non-public business operations are also competitively sensitive information that could not be disclosed without prejudicing their competitive position. Defendants' operations, including how ByteDance Ltd.'s operating companies conduct business, reflect Defendants' confidential business strategies. While certain high-level information about Defendants' operations may be publicly available, to the best of my knowledge the specific details discussed in the documents below are not.

| Document | Excerpts | Sealing Justification |
|---|---|---|
| Meishe's Cross-Motion for Summary Judgment<br><br>Dkt. 614-3<br>(Dkt. 609) | 19:3, 12-16, 6, 20, 25 – Source code<br><br>20:2, 12, 17-21, 26 – Source code<br><br>21:1 – Source code<br><br>23:1, 9-12 – Source code | Compelling reasons exist to seal this information because it includes excerpts of Defendants' source code and refers to confidential information about Defendants' source code and finances. That information is proprietary and confidential information designated under the Protective Order as "Confidential – Outside Attorneys' Eyes Only" or "Highly Confidential – Source Code." |
| Deposition Transcript of Ruoshi Wang<br><br>Dkt. 721-3 (Ex. 4), originally filed as Dkt. 614-8 (Dkt. 609-6) | 189:2-190:3 – Source code development | Compelling reasons exist to seal this information because it refers to confidential information about source code and non-public business operations, including sensitive details about software development processes. That information is proprietary and confidential information designated under the Protective Order as "Confidential – Outside Attorneys' Eyes Only" or "Highly Confidential – Source Code." |

DECL. OF NOREEN YEH ISO JOINT OMNIBUS
MOT. RE: PLAINTIFF'S MOT. FOR SUMM. J.

CASE NO. 3:23-cv-06012-SI

| | | |
|---|---|---|
| Employment Contract dated October 20, 2020<br><br>Dkt. 614-10 (Ex. 9) (Dkt. 609-10) | BDL_00000325 to BDL_00000343 ¶ 9.2 and BDL_00000343 ¶ 9.4 to end – Non-party business operations and contracts | Compelling reasons exist to file these portions of the employment contract under seal because they contain confidential business information regarding the non-public business operations of Defendants' non-party affiliate, including its employment agreement, policies, and intellectual property. That information is proprietary and confidential information designated under the Protective Order as "Confidential – Outside Attorneys' Eyes Only." |
| Employment Contract dated October 20, 2017<br><br>Dkt. 614-11 (Ex. 10) (Dkt. 609-11) | Page 1 to page 14 ¶ 2 and Page 15 ¶ 4 to end – Non-party business operations, contracts, and employee information | Compelling reasons exist to file these portions of the employment contract under seal because they contain confidential business information regarding the non-public business operations of Defendants' non-party affiliate, including its employment agreement, policies, and intellectual property, as well as personal information of the former employee. That information is proprietary and confidential information designated under the Protective Order as "Confidential – Outside Attorneys' Eyes Only." |
| Amendment and Supplement to Employment Termination Agreement dated November 22, 2023<br><br>Dkt. 614-12 (Ex. 11) [no public version filed] | Entire document – Non-party business operations, contracts, and employee information | Compelling reasons exist to file these portions of the employment contract under seal because they contain confidential business information regarding the non-public business operations of Defendants' non-party affiliate, including its employment termination agreement and personal information of a former employee. That information is proprietary and confidential information designated under the Protective Order as "Confidential – Outside Attorneys' Eyes Only." |

3

| | | |
|---|---|---|
| Expert Report of Dr. David Teece, Ex. 1<br><br>Dkt. 721-7 (Ex. 17), originally filed as Dkt. 614-15 (Dkt. 609-15) | Entire document – Financial information and non-public business operations | Compelling reasons exist to seal this information because it refers to confidential financial information and confidential information about non-public business operations, including user data and related revenues and metrics. That information is proprietary and confidential information designated under the Protective Order as "Confidential – Outside Attorneys' Eyes Only." |
| Exhibit to Expert Report of Dr. Michael Shamos<br><br>Dkt. 614-16 (Ex. 18) (Dkt. 609-16) | Entire document – Source code | Compelling reasons exist to file this document under seal because it contains Defendants' highly confidential source code. This is proprietary and confidential information designated under the Protective Order as "Highly Confidential – Source Code." |
| Expert Report of Jonathan D. Putnam, Ex. 3.1<br><br>Dkt. 721-8 (Ex. 19), originally filed as Dkt. 614-17 (Dkt. 609-17) | Entire document – Financial information and non-public business operations | Compelling reasons exist to file this Exhibit 3.1 under seal because it includes Defendants' highly confidential business and financial information regarding U.S. TikTok's monthly average users and Defendants' domestic and foreign revenue. This is proprietary and confidential information designated under the Protective Order as "Confidential – Outside Attorneys' Eyes Only." |
| Expert Report of Dr. Michael Shamos<br><br>Dkt. 721-9 (Ex. 20), originally filed as Dkt. 614-18 (Dkt. 609-18) | ¶¶ 59 (p. 21), 71, 74, 75-76 n.4, 78 – Source code, source code names, and other sensitive source code details | Compelling reasons exist to file this information under seal because these paragraphs contain numerous details about Defendants' highly confidential source code. This is proprietary and confidential information designated under the Protective Order as "Highly Confidential – Source Code." |

4

| | | |
|---|---|---|
| Declaration of Jianchao Yang<br><br>Dkt. 614-19 (Ex. 21) (Dkt. 609-19) | Entire document – Source code development and related non-public business operations | This document was previously filed under seal at ECF No. 58-4. Compelling reasons exist to keep at least ¶¶ 7 and 11 under seal because this paragraph contains information regarding Defendants' highly confidential source code development and processes. The remainder of the document also describes Defendants' non-public business operations. This is proprietary and confidential information designated under the Protective Order as "Confidential – Outside Attorneys' Eyes Only." |
| Declaration of Nicola Raghavan<br><br>Dkt. 614-18 (Ex. 22) (Dkt. 609-20) | Entire document – Source code development and related non-public business operations | This document was previously filed under seal at ECF No. 58-3. Compelling reasons exist to keep at least ¶¶ 8-9, 12, 16, and 22 under seal because these paragraphs contain information regarding Defendants' highly confidential source code development and processes, organizational structure, and related business practices. The remainder of the document also describes Defendants' non-public business operations. The document contains proprietary and confidential information designated under the Protective Order as "Confidential – Outside Attorneys' Eyes Only." |
| Revised Exhibit D to Meishe's Responses to Defendants' Interrogatories<br><br>Dkt. 614-21 (Ex. 25) (Dkt. 609-21) | Entire document – Source code | Compelling reasons exist to file this document under seal because it contains Defendants' highly confidential source code. This is proprietary and confidential information designated under the Protective Order as "Highly Confidential – Source Code." |
| Modules for Xie Jing and Others<br><br>Dkt. 614-22 (Ex. 35) (Dkt. 609-31) | Entire document – Source code names | Compelling reasons exist to file this document under seal because it identifies file names for Defendants' highly confidential source code. This is proprietary and confidential information designated under the Protective Order as "Highly Confidential – Source Code. |

5

| Defendants Supplemental Response to 1st Common ROGs (No. 4)<br><br>Dkt. 614-23 (Ex. 37) (Dkt. 609-33) | 5 (Interrogatory No. 4), 7 – Source code names | Compelling reasons exist to file this information under seal because they contain information about Defendants' highly confidential source code. This is proprietary and confidential information designated under the Protective Order as "Highly Confidential – Source Code." |
|---|---|---|
| Deposition Transcript of Dr. Michael Shamos<br><br>Dkt. 649-10 (Ex. J) (Dkt. 648-11) | 415:11, 14, 20-21 – Source code names<br><br>416:5, 8, 14, 16, 18, 21, 23 – Source code names<br><br>417:14, 17, 23 – Source code names | Compelling reasons exist to file these lines under seal because they contain information about Defendants' highly confidential source code. This is proprietary and confidential information designated under the Protective Order as "Highly Confidential – Source Code." |

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 22, 2025.

_____
Noreen Yeh

6

DECL. OF NOREEN YEH ISO JOINT OMNIBUS
MOT. RE: PLAINTIFF'S MOT. FOR SUMM. J.

CASE NO. 3:23-cv-06012-SI