UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEIJING MEISHE NETWORK TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> TIKTOK INC., et al., <br><br> Defendants. | Case No. 23-cv-06012-SI <br><br> **ORDER RE: OMNIBUS SEALING MOTIONS AND REQUEST TO WITHDRAW DOCUMENT** <br><br> Re: Dkt. Nos. 718, 723, 724, 725 |

The Court ordered the parties to file an omnibus sealing motion to consolidate the manifold requests to seal they have presented in this case. Dkt. Nos. 617, 689. The parties have now filed three separate omnibus sealing motions for the three motions considered at the August 15, 2025 hearing. Dkt. Nos. 718, 724, 725. Based upon the Court's review of the omnibus sealing motions, it appears that the parties have simply combined all the separate sealing motions into three documents without any attempt to consolidate and eliminate duplicative requests. For example, in Docket Number 718, plaintiff lists its requests to seal. The requests are redundant and sometimes contradictory. For example, plaintiff seeks to seal paragraphs 4, 8, and 9 of Exhibit H to the Calia Declaration in support of defendants' motion for sanctions, then separately seeks to seal the entirety of Exhibit D to the Woods Declaration in support of plaintiff's opposition to the motion. But these are the same document: a declaration from January 27, 2025 by plaintiff's chief executive officer. As another example, the same expert reports appear multiple times in the various motions.

The parties must present one streamlined and consolidated request covering all the separate motions encompassed in the Court's omnibus sealing orders: the three motions heard on August 15, the *Daubert* motions, and the briefing on copyrightability. The table shall be organized by the document that is requested to be sealed, followed by a listing of the various places in which that

1  document shows up in the record, the portions of that document to be sealed, the reasons for sealing,
2  the party requesting sealing, and the position of the other party regarding the request. The requests
3  must be internally consistent. In other words, the parties should not request to seal only a portion
4  of the material, then state in the rationale that the document should be sealed in its entirety.

5  The omnibus orders at Docket Numbers 718, 724, 725 are therefore DENIED without
6  prejudice. The parties may re-file an omnibus request for sealing as outlined above.

7  Separately, the Court considers plaintiff's request to remove from the docket Exhibit 7
8  submitted in support of its motion for summary judgment, as that exhibit is not referenced in the
9  motion. Dkt. No. 723. As the Court has explained in a prior order, it does not remove documents
10 from the record. *See* Dkt. No. 594. Plaintiff may include Exhibit 7 in its requests for sealing. The
11 instant motion to remove it from the record at Docket Number 723 is DENIED.

**IT IS SO ORDERED**.

Dated: August 26, 2025

SUSAN ILLSTON
United States District Judge